STATE OF HAWAII, Plaintiff-Appellee, *v.* JOSEPH BURNETTE DeSILVA, Defendant-Appellant

NO. 7944

CRIMINAL NO. 54059

NOVEMBER 20, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM AND NAKAMURA, JJ.

*Per Curiam.* Defendant-appellant, Joseph Burnette DeSilva (hereinafter appellant), appeals his conviction by jury of murder, attempted murder and carrying a firearm without a permit.[1] Appellant was sentenced to life imprisonment with the possibility of parole, and was additionally required to serve a mandatory minimum term of ten years.

Appellant raises two issues on this appeal. First, whether the trial court erred in not dismissing the instant indictment for lack of independent grand jury counsel. Second, whether a proper chain of custody was established regarding two bullets removed from the body of Charles Yee Hoy. Finding no reversible error, we affirm appellant's conviction.

---

[1] Murder, attempted murder, and carrying a firearm without a permit or license are violations of HRS §§ 707-701, 705-500 & 707-701 and 134-9, respectively.

Before considering appellant's first claim, the record reveals that a pretrial motion seeking to have the instant indictment dismissed was not filed in the circuit court. Thus, the issue which appellant asks us to consider was not raised below. The general rule is that appellate courts will not consider questions which were not raised in the trial courts. *State v. Martin,* 62 Haw. 364, 616 P.2d 193 (1980); *State v. Bunn,* 50 Haw. 351, 354, 440 P.2d 528, 532 (1968); *State v. Cummings,* 49 Haw. 522, 423 P.2d 438 (1967). Therefore, we need not address this issue.[2]

We now turn to appellant's second contention. At trial, appellant objected to the admission into evidence of two bullets, State's Exhibits I and K, which were removed on separate occasions from the body of Charles Yee Hoy. Appellant contends that a proper chain of custody was not established. Appellant suggests that great potential for substitution existed; thus, the bullets may not have been the ones removed from Yee Hoy's body.

In showing chain of custody, all possibilities of tampering with an exhibit need not be negated. Chain of custody is sufficiently established where it is reasonably certain that no tampering took place, with any doubt going to the weight of the evidence. *State v. Antone,* 62 Haw. 346, 615 P.2d 101 (1980); *State v. Vance,* 61 Haw. 291, 602 P.2d 933 (1979); *State v. Olivera,* 57 Haw. 339, 555 P.2d 1199 (1976). An accounting of hand-to-hand custody of the evidence between the time it is obtained and the time admitted to trial is not required in establishing chain of custody. *State v. Payne,* 612 S.W.2d 353, 356 (Mo. App. 1980). And despite the mere possibility that others may have had access to the exhibits, there exists a reasonable certainty that no tampering took place. *Cobb v. State,* ____ Ind. ____, ____, 412

---

[2] Assuming arguendo that we reviewed appellant's first claim regarding the independent grand jury counsel, our decision in State v. Rodrigues, 63 Haw. 412, 629 P.2d 1111 (1981), is dispositive of the issue. In *Rodrigues, supra,* we held that Article I, Section 11 of the Hawaii Constitution, which created the position of independent grand jury counsel, was not self-executing and needed further legislative action to implement its provisions. We also held that unless shown to be prejudicial, the mere absence of the independent counsel from the grand jury did not violate due process of law. In the instant case, appellant was indicted on March 11, 1980. No showing of prejudice has been made in this record concerning the absence of the independent grand jury counsel.

N.E.2d 728, 737 (1980). Following these principles, the court in *State v. Mayes,* 286 N.W.2d 387, 391 (Iowa 1979), aptly stated:

> In order to justify the admission of physical evidence it is not required that the chain of custody be shown with perfect precision. The trial court may admit the evidence when satisfied it is:
>
> ... reasonably probable that tampering, substitution or alteration of evidence did not occur. Absolute certainty is not required.
>
> [The] judge determines the sufficiency of physical evidence identification in light of the article's nature, circumstances surrounding its custody and the likelihood of intermeddlers tampering with it. A more elaborate foundation is required to identify evidence that is easily substituted, such as marijuana, than is necessary to identify physical evidence with unusual characteristics, such as money, a gun, clothing and a body, or matches and glasses. Unless [the] decision to admit evidence over a chain-of-custody objection constitutes a clear abuse of discretion, it will not be overturned. [Citations omitted.]

One of the bullets, State's Exhibit I, was surgically removed from Yee Hoy's spinal area at Queen's Hospital. A hand-to-hand accounting of the chain of custody for this bullet was not presented. However, testimonies of the doctor and hospital personnel reveal that under normal procedures, after a bullet is removed by the doctor, the nurse takes it to pathology. At pathology, the bullet is identified and then sealed in a plastic bag whereupon it is taken to the medical records office for safekeeping until turned over to the police.

There is ample testimony in the record showing that State's Exhibit I was not tampered with and an adequate chain of custody was established. The doctor identified the bullet by its noticeable features of being an unusually large fragment that had rings on it. And the rifling marks on State's Exhibit I were similar to the markings found on the test bullet fired from the gun used by the appellant. Thus, the trial court did not abuse its discretion in admitting into evidence State's Exhibit I and in permitting the jury to give due weight to such evidence.

Then at a later date, another bullet, State's Exhibit K, was removed from Yee Hoy's body. This bullet was given directly to Yee Hoy who then placed it in his hospital room drawer. Upon being discharged from the hospital, Yee Hoy put the bullet in his bag and

eventually placed it in a drawer at home. The bullet was then turned over to the police nineteen days later.

The mere possibility that others may have had access to State's Exhibit K does not mean that tampering or substitution occurred. Yee Hoy testified that this bullet looked like the one given to him and which he turned over to the police. Additionally, the rifling marks on this bullet were similar to the markings on the test bullet. From the record, it is reasonably certain that no tampering took place. Having found the chain of custody adequately established, the trial court did not abuse its discretion in admitting into evidence State's Exhibit K.

Affirmed.

*Keith M. Kiuchi,* Deputy Public Defender (on the brief), for defendant-appellant.

*Faye M. Koyanagi,* Deputy Prosecuting Attorney (on the brief), for plaintiff-appellee.