**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000309
21-APR-2023
07:54 AM
Dkt. 54 SO**

NO. CAAP-22-0000309

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MICKIE KOLO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 1CPC-21-0001083)

**SUMMARY DISPOSITION ORDER**
(By: Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Mickie **Kolo** appeals from the **Judgment** of Conviction and Sentence entered by the Circuit Court of the First Circuit on March 1, 2022. For the reasons explained below, we affirm.

Kolo was charged by felony information with Promoting a Dangerous Drug in the Third Degree in violation of Hawaii Revised Statutes § 712-1243. She pleaded not guilty. Jury trial began on November 19, 2021.[1] The jury found her guilty as charged on November 26, 2021. The Judgment was entered on March 1, 2022.[2] This appeal followed.

---

[1] The Honorable James S. Kawashima presided over the trial.

[2] The Honorable Kevin T. Morikone entered the Judgment.

Kolo contends that the evidence was insufficient to support her conviction.  When reviewing the sufficiency of evidence on appeal, we apply the following standard of review:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury.  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010) (citation omitted).  "'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion."  Id. (citation omitted).

Kolo argues that "the State did not account for certain deficiencies in the chain of custody."  Honolulu Police Department (**HPD**) officer Kaleka **Akana** testified that he was on duty on September 2, 2021.  He saw Kolo rolling what appeared to be a cigarette.  She had a piece of foil.  She put something into the foil.  She used a torch lighter to ignite the foil.  She placed the rolled tube in her mouth and inhaled.

Officer Akana approached Kolo, with HPD officers Tyler **Santiago** and Brandon **Collins**.  He told Kolo they were police officers.  Officer Santiago said a little speck fell off the foil Kolo had.  Two photographs of a black-colored object were admitted into evidence.

Officer Santiago testified that Kolo was sitting and there was a piece of foil next to her thigh.  Officer Santiago picked up the foil, and a "brown nugget rolled off."  He gave the brown nugget to Officer Collins and instructed him to submit it into evidence.  He then arrested Kolo.

Officer Collins testified that Officer Santiago handed him items to place into evidence, including a "brownish nugget

resembling heroin." He identified State's Exhibit 1 as the brownish nugget he received from Officer Santiago. He placed it in an envelope and sealed it. He identified the evidence log he prepared for the brownish nugget.

HPD evidence custodian Ida **Quinn** described HPD's procedure for handling physical evidence. She identified the HPD evidence log for Exhibit 1. She had received Exhibit 1 from Officer Collins. It was in a sealed envelope. An HPD criminalist named Michelle **Shinsato** requested Exhibit 1. Quinn gave Exhibit 1, still in the sealed envelope she received from Officer Collins, to Shinsato. Quinn didn't tamper, substitute, or alter Exhibit 1 while it was in her custody.

Shinsato testified that her job is to analyze evidence for the presence of controlled substances, including heroin. She described the gas chromatograph mass spectrometer she uses to conduct the analysis. She was asked to analyze Exhibit 1. She received the evidence from Quinn and signed the chain of custody. The evidence seals were intact and there was no sign of tampering. She identified Exhibit 1, which was admitted into evidence. She testified that she tested Exhibit 1, and described the tests she performed. The tests indicated that Exhibit 1 contained heroin.

> In showing chain of custody, all possibilities of tampering with an exhibit need not be negated. Chain of custody is sufficiently established where it is reasonably certain that no tampering took place, with any doubt going to the weight of the evidence.

State v. DeSilva, 64 Haw. 40, 41, 636 P.2d 728, 730 (1981) (citations omitted).

Kolo points to Exhibit 13, a picture of the seat of her motorized scooter showing a rolled up dollar bill, an item that looked like a black colored rock, and a hand in a blue glove, among other things. Although Officer Akana testified the hand in the blue glove was that of one of the officers on the scene, Kolo

asserts that because the gloved hand was inches from the dark colored nugget, the State failed to show there was no tampering of the item. Kolo also asserts that the State did not sufficiently account for the time between the encounter with Kolo, when the dark colored nugget was placed in a sealed envelope, and when the sealed envelope was delivered to Quinn hours later.

In this case, we conclude there was substantial evidence to support the jury's determination that the substance recovered from Kolo was the same substance tested by Shinsato and determined to contain heroin. All of the State's witnesses were cross-examined by Kolo, and no evidence of a gap in the chain of custody or tampering was adduced. The State was not required to negate all possibilities of tampering. Chain of custody for the substance was sufficiently established to support the jury's verdict.

For the foregoing reasons, the Judgment of Conviction and Sentence entered on March 1, 2022, is affirmed.

DATED: Honolulu, Hawaiʻi, April 21, 2023.

On the briefs:

William K. Li,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge