STATE OF HAWAII, Plaintiff-Appellant, *v.* PACIFIC CONCRETE AND ROCK COMPANY, LIMITED, ROBERT B. ROBINSON, HARRY R. CERNY, and ALFRED K. SUGA, Defendants-Appellees

NO. 5925

MARCH 8, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam*. The defendants-appellees were indicted by the grand jury for various stated offenses. They moved to dismiss the indictment against them. The circuit court granted the motion, and the State appeals from the order dismissing the indictment. We affirm.

We need to consider only one ground advanced for the dismissal of the indictment. The record shows that one Stephen E. Kuna, a law clerk employed in the office of the prosecuting attorney and serving as an assistant to the deputy prosecutor presenting the State's case against the defendants before the grand jury, was also officially appointed and sworn by the grand jury to serve as its special agent in the proceedings. Whether the grand jury was authorized to appoint a special agent is not the issue. The basic question is whether Mr. Kuna's dual role, as a representative of both the prosecution and of the grand jury, was inconsistent with the constitutional right of the defendants to have the charges against them heard fairly and impartially by a grand jury free of external influences. We find no difficulty in holding that it was.

The transcript of the proceedings before the grand jury in this case fails to disclose exactly what Mr. Kuna's duties were as a special agent of the grand jury and as an assistant to the prosecuting attorney.[1] The record of the proceedings in the circuit court, however, relative to the motion to dismiss the indictment, indicates that Mr. Kuna was extensively engaged in the investigation and preparation of the case for presentation to the grand jury. It further reveals that he was actively assisting the deputy prosecutor in the latter's presentation of the charges against the defendants before the grand jury.[2]

---

[1] The transcript, however, indicates that Mr. Kuna's participation in the proceedings was more than minimal. It appears that the grand jury was unable to proceed with the matter involving the defendants until Mr. Kuna arrived in his capacity as an assistant to the prosecutor. Thereupon, and prior to the presentation of the evidence, he was made an official agent of the grand jury.

[2] It appears from the record that Mr. Kuna, who had yet to take and pass the bar examination, was given excessive unsupervised license and responsibility in the vital aspects of this case. This practice is not to be condoned.

Under these circumstances, we hold that the constitutionally required separation of functions between the grand jury and the prosecution was prejudicially compromised so as to render the indictment against the defendants invalid.

The grand jury requirement is "a primary security to the innocent against hasty, malicious and oppressive persecution; it serves the invaluable function in our society of standing between the accuser and the accused. . . ." *Wood v. Georgia*, 370 U.S. 375, 390 (1962). Due process requires that where criminal prosecutions are initiated through the grand jury, that body must be able to make its determinations unburdened by external influences. *State v. Joao*, 53 Haw. 226, 491 P.2d 1089 (1971); *State v. Good*, 10 Ariz. App. 556, 460 P.2d 662 (1969). And so long as the grand jury remains a vital adjunct of our judicial system, its independence must be safeguarded.

*Roy Chang*, Deputy Prosecuting Attorney *(Earle A. Partington*, Deputy Prosecuting Attorney on the brief), for plaintiff-appellant.

*Brook Hart (Kathy M. Morris* with him on the brief) *(Hart, Leavitt & Hall*, of counsel).

*Joseph T. Kiefer (Carlsmith Carlsmith, Wichman & Case*, of counsel) for defendants-appellees.