STATE OF HAWAII, Plaintiff-Appellee, *v.* DONALD RODRIGUES, Defendant-Appellant

and

STATE OF HAWAII, Plaintiff-Appellee, *v.* ROBERT LEE DILLARD, JR., (Cr. No. 52841) and DEXTER TARO ONO, also known as Kelley Fujimoto, (Cr. No. 53212) Defendants-Appellants

NO. 7648

JUNE 16, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM AND NAKAMURA, JJ.

## OPINION OF THE COURT BY OGATA, J.

These three consolidated appeals present the question whether Article I, § 11 of the Hawaii State Constitution which creates the position of an independent counsel to advise the grand jury is (1) self-executing and (2) supplements the due process rights of an accused. Each of the appellants was indicted after the amendment was proposed by the Hawaii Constitutional Convention and ratified by the voters on November 7, 1978, but before Act 209[1] was enacted to implement the amendment on June 6, 1980.

Defendant-appellant Donald Rodrigues was indicted on July 11, 1979, for promoting a prison contraband (marijuana) in the second degree in violation of HRS § 710-1023(1)(b). He filed a motion to dismiss the indictment in the Third Circuit Court on September 17, 1979. Rodrigues brings this interlocutory appeal from the order denying his motion to dismiss filed on November 6, 1979.

Defendant-appellant Dexter Taro Ono was indicted on August 22, 1979, for attempted fraudulent obtaining of a controlled substance, methaqualone (quaalude), in violation of HRS §§ 705-500 and 329-42(a)(3). He filed a motion to dismiss the indictment in the First Circuit Court on October 12, 1979, and the motion was denied on October 26, 1979. After a trial by jury, Ono was adjudged guilty on December 20, 1979.

Defendant-appellant Robert Lee Dillard, Jr., was indicted on May 8, 1979, for robbery in the second degree in violation of HRS § 708-841(1)(b). He filed a motion to dismiss the indictment in the First Circuit Court on January 9, 1980, and the motion was denied on February 4, 1980. After a trial by jury, Dillard was adjudged guilty on March 20, 1980.

### I.

Appellants argue that Article I, § 11 of the Hawaii State Constitution is self-executing and mandates the immediate appointment of independent counsel to grand juries. Independent counsel was not appointed to any of the grand juries which returned appellants'

---

[1] Act 209, Session Laws of Hawaii 1980, codified as Part II Grand Jury Counsel and Proceedings, HRS §§ 612-51 to 612-59.

indictments. Thus, appellants contend that their indictments were obtained in violation of Article I, § 11 and should have been dismissed.

A constitutional provision is self-executing if it meets the following test adopted by the United States Supreme Court:

A constitutional provision may be said to be self-executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced; and it is not self-executing when it merely indicates principles, without laying down rules by means of which those principles may be given the force of law.

*Davis v. Burke,* 179 U.S. 399, 403 (1900), *quoting* T. Cooley, *Constitutional Limitations* 99-100 (6th ed. 1890).[2] Thus, a constitutional provision which only establishes a general principle is not self-executing and requires more specific legislation to make it operative.

Article I, § 11 of the Hawaii State Constitution reads:

Whenever a grand jury is impaneled, there shall be an independent counsel appointed *as provided by law* to advise the members of the grand jury regarding matters brought before it. Independent counsel shall be selected from among those persons licensed to practice law by the supreme court of the State and shall not be a public employee. The term and compensation for independent counsel shall be *as provided by law.* (Emphasis added.)

While Article I, § 11 creates the position of an independent grand jury counsel, it fails to define the number of independent counsel required, appointment or removal procedure, qualifications, length of term, compensation, or source of funding. There is no comparable provision in the federal or other state constitutions.

The appellants argue that the appointment, term, and compensation of the independent counsel are mere administrative details. They contend that until appropriate legislation was enacted, the

---

[2] Convention Center Referendum Committee v. Board of Elections, 399 A.2d 550 (D.C.App. 1979); Commonwealth v. National Gettysburg Tower, Inc., 454 Pa. 193, 311 A.2d 588 (1973); Student Government Assn. v. Board of Supervisors, 262 La. 849, 264 So.2d 916 (1972); Wolverine Golf Club v. Hare, 24 Mich. App. 711, 180 N.W.2d 820 (1970), *affirmed,* 384 Mich. 461, 185 N.W.2d 392 (1971). *See also,* Figueroa v. State, 61 Haw. 369, 604 P.2d 1198, *reconsideration denied,* 61 Haw. 661 (1979).

Hawaii Supreme Court could have implemented Article I, § 11 in its supervisory and administrative capacity pursuant to HRS §§ 601-2(a) and (b)(6). Appellants further contend that the circuit courts, subject to the superintendence of the Supreme Court,[3] could have appointed an independent counsel in their supervisory capacity over the grand jury proceedings.[4] The appellants contend that their argument is supported by Article XVI, § 11 of the Hawaii State Constitution which states that constitutional provisions "shall be self-executing to the fullest extent that their respective natures permit."

However, in construing a constitutional provision, we follow the well-established rule that "the words of the constitution are presumed to be used in their natural sense . . . 'unless the context furnishes some ground to control, qualify or enlarge [them].' " *State ex rel. Amemiya v. Anderson,* 56 Haw. 566, 577, 545 P.2d 1175, 1182 (1976), *quoting Employee's Retirement System v. Ho,* 44 Haw. 154, 159, 352 P.2d 861, 864-65 (1960). Article I, § 11 states that the appointment, term, and compensation of the independent counsel shall be ·"as provided by law." At the time the amendment was adopted, there was no other constitutional provision or statute to which the phrase could refer. Absent such provision, subsequent legislation was required to implement the amendment.

The phrase "as provided by law" in the context of. other state constitutional provisions has been construed as a direction to the legislature to enact implementing legislation. In *Agnew v. Schneider,* 253 N.W.2d 184, 187 (N.D. 1977), the court held that "the subject matter which this phrase modifies is not 'locked' into the Constitution but may be dealt with by the Legislature as it deems appropriate." Similarly, in *Wann v. Reorganized School District No. 6,* 293 S.W.2d 408, 411 (Mo. 1956), the court held that the phrase "directs the legislature to provide the rules by which the general right which it [constitutional provision] grants may be enjoyed and protected. In other words, it is clear that subsequent action by the legislature is contemplated to put the provision into operation." *See also McAvoy v. H. B. Sherman Co.,* 401 Mich. 419, 258 N.W.2d 414 (1977); *Viculin v.*

---

[3] HRS § 602-4.

[4] *See* In re Moe, 62 Haw. 613, 616, 617 P.2d 1222, 1224 (1980); Sapienza v. Hayashi, 57 Haw. 289, 292-93, 554 P.2d 1131, 1134-35 (1976). *See also* HRS § 612-16.

*Dept. of Civil Services,* 386 Mich. 375, 192 N.W.2d 449 (1971); *Cox v. State,* 134 Neb. 751, 279 N.W. 482 (1938).

We also examine the intent of the framers in construing the amendment.[5] While the framers created the position of an independent grand jury counsel, they instructed the legislature to enact legislation defining the appointment, term, and compensation of the independent counsel. Stand. Comm. Rep. No. 69, 3d Hawaii Const. Conv. 4, *reprinted in* I *Proceedings of the Constitutional Convention of Hawaii of* 1978, at 673 (1978); II *Proceedings of the Constitutional Convention of Hawaii of* 1978 at 670 (1978). We find that the language of Article I, § 11 and the intent of the framers indicate that further legislation was required to implement the amendment.

We recognize appellants' concern that the legislature could obstruct an amendment by refusing to enact legislation to implement it. However, in the instant case, the legislature did not ignore its constitutional mandate. The amendment was ratified on November 7, 1978, and during the 1979 session, the legislature passed H.B. 95 to provide a statutory framework for an independent counsel. The governor of Hawaii vetoed the bill on June 8, 1979, stating that the type of advice that an independent counsel gives the grand jury must be more clearly defined.[6] During the following legislative session, the legislature passed H.B. 2059-80 providing for Act 209, and the governor signed the bill into law on June 6, 1980. The fact that implementing legislation was not enacted until 1980, did not require the court to initiate judicial legislation.[7]

We find that Article I, § 11 is not self-executing and did not require the appointment of independent counsel in the instant case.

II.

Second, the appellants contend that Article I, § 11 is a supplement to the substantive due process rights of an accused. Since

---

[5] *See generally* State v. Miyasaki, 62 Haw. 269, 614 P.2d 915 (1980); HGEA v. County of Maui, 59 Haw. 65, 576 P.2d 1029 (1978).

[6] Governor's Statement of Objections to H.B. 95, 10th Hawaii Leg., House Journal 1030 (1979).

[7] Judicial legislation should be practiced only interstitially. *See* Hayes v. Gill, 52 Haw. 251, 254, 473 P.2d 872, 875, n. 1 (1970).

independent counsel was not appointed to the grand juries, the appellants argue that their rights to due process of law pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 8 of the Hawaii State Constitution were violated. Thus, they contend that their indictments should have been dismissed.

The Fifth Amendment to the United States Constitution and Article I, § 8 of the Hawaii State Constitution[8] guarantee an accused the right to presentment or indictment by a grand jury. A grand jury proceeding is not adversary in nature and is only a preliminary determination of whether a criminal proceeding should be instituted.[9] An accused and his counsel are not entitled to be present. Rule 6(d), H.R.P.P. However, we have held that due process of law requires a fair and impartial grand jury proceeding. *State v. Joao,* 53 Haw. 226, 491 P.2d 1089 (1971).[10]

Article I, § 11 was established to ensure the independence of the grand jury. The position of an independent grand jury counsel was created to separate the two potentially conflicting roles of the prosecutor of presenting evidence in support of an indictment and advising the grand jury as to the law. Stand. Comm. Rep. No. 69, 3d Hawaii Const. Conv. 5 (1978). An independent counsel does not serve as an advocate on behalf of an accused.

We agree with appellants' argument that an independent counsel protects the due process rights of an accused. However, notwithstanding the amendment, the trial court judge is ultimately responsible for ensuring a fair and impartial grand jury proceeding. The circuit court judge assigned to the proceedings shall inform the members of the grand jury as to their duties and the law. HRS § 612-16; § 6-703(d) of the Charter of the City and County of Honolulu. The mere absence of an independent grand jury counsel without more does not establish that the due process rights of an accused were violated.

---

[8] Article I, § 8 of the Hawaii State Constitution has been subsequently renumbered Article I, § 10.

[9] *See generally* State v. Bell, 60 Haw. 241, 589 P.2d 517 (1978).

[10] *See* Costello v. United States, 350 U.S. 359 (1956); State v. Pacific Concrete and Rock Co., Ltd., 57 Haw. 574, 560 P.2d 1309 (1977).

In challenging the validity of an indictment, the defendant has the burden to establish prejudice. *State v. Scotland,* 58 Haw. 474, 572 P.2d 497 (1977). In the instant case, the appellants do not allege and the record does not reflect that the grand jury proceedings were prejudiced by prosecutorial misconduct. Accordingly, we do not disturb the orders and judgments of the trial courts.

Affirmed.

*Gail Nakatani,* Deputy Public Defender, for defendants-appellants.

*Ronald Ibarra,* Deputy Prosecuting Attorney, for plaintiff-appellee.