STATE OF HAWAII, Plaintiff-Appellee, *v.* WILLARD R. PENDERGRASS, Defendant-Appellant

NO. 7981

CRIMINAL NO. 53845

SEPTEMBER 22, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM AND NAKAMURA, JJ.

*Per Curiam.* This is an appeal by defendant-appellant, Willard Pendergrass (hereinafter appellant), who was convicted by a jury of rape in the first degree under HRS § 707-730. Appellant was then sentenced to a twenty-year term of imprisonment. We affirm.

The sole issue raised by appellant is whether the trial court erred in denying a motion to dismiss the indictment because independent grand jury counsel was not present to advise the grand jury. Appellant was indicted by the Oahu Grand Jury on January 29, 1980, and independent grand jury counsel had yet to be appointed and was not present during the instant proceedings. On April 30, 1980, appellant filed a motion to dismiss the indictment based on the absence of the independent grand jury counsel. That motion was denied on May 14, 1980.

Our recent decision in *State v. Rodrigues,* 63 Haw. 412, 629 P.2d 1111 (1981), is dispositive of the issue on appeal. In *Rodrigues,* we held that Article I, Section 11 of the Hawaii State Constitution[1] was not a self-executing provision. Thus, the mere adoption of the constitutional amendment which created the position of the independent counsel was not enough to make the provision operative. We found that further legislative action was necessary to implement this constitutional provision. Therefore, until the subsequent legislation was enacted,[2] the presence of the independent grand jury counsel in grand jury proceedings was not required by law. As such, Article I, Section 11 of the Hawaii Constitution was not violated and the denial of the motion to dismiss was proper.

In *Rodrigues,* we also stated that "[t]he mere absence of an independent grand jury counsel without more does not establish that due process rights of an accused were violated." 63 Haw. at 417, 629 P.2d at 1115. We found that the independent counsel was intended

---

[1] Article I, Section 11 of the Hawaii State Constitution reads:

Whenever a grand jury is impaneled, there shall be an independent counsel appointed as provided by law to advise the members of the grand jury regarding matters brought before it. Independent counsel shall be selected from among those persons licensed to practice law by the supreme court of the State and shall not be a public employee. The term and compensation for independent counsel shall be as provided by law.

[2] Statutory provisions relating to the independent grand jury counsel were passed in 1980. Act 209, S.L.H. 1980 is now codified as HRS §§ 612-51 through 612-59.

to ensure an independent grand jury and to relieve the prosecutor of the burden of advising the grand jury on matters of law. The independent counsel's role in the grand jury was not to serve as an advocate on behalf of the accused. Appellant has the burden of proving that the grand jury proceedings were prejudiced by the absence of the independent grand jury counsel or by prosecutorial misconduct which would violate due process of law. *State v. Rodrigues, supra; State v. Scotland,* 58 Haw. 474, 572 P.2d 497 (1977). Based on the record of the instant case, appellant has failed to prove that his right to due process was prejudiced by the absence of the independent grand jury counsel or by prosecutorial misconduct.

Accordingly, the trial court did not err in denying the motion to dismiss the indictment due to the absence of the independent grand jury counsel.

Affirmed.

*Stanford Nakamoto,* Deputy Public Defender (on the brief), for defendant-appellant.

*Thomas M. Pico, Jr.,* Deputy Prosecuting Attorney (on the brief), for plaintiff-appellee.