STATE OF HAWAII, Plaintiff-Appellee, *v.* MICHAEL ANDREW HEHR, Defendant-Appellant

NO. 7900.

CRIMINAL NO. 6207

SEPTEMBER 23, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM AND NAKAMURA, JJ.

*Per Curiam.* This is an appeal by defendant-appellant, Michael Andrew Hehr (hereinafter appellant), who was convicted by jury of attempted Burglary in the Second Degree in violation of HRS §§ 705-500 and 708-811. Once again we are asked to interpret Article I, Section 11 of the Hawaii State Constitution,[1] which created the position of the independent grand jury counsel. For the reasons set

---

[1] Article I, Section 11 of the Hawaii State Constitution reads:
    Whenever a grand jury is impaneled, there shall be an independent counsel appointed as provided by law to advise the members of the grand jury regarding matters brought before it. Independent counsel shall be selected from among those persons licensed to practice law by the supreme court of the State and shall not be a public employee. The term and compensation for independent counsel shall be as provided by law.

forth below, we affirm.

Appellant was indicted by the Hawaii County Grand Jury on February 15, 1980. The independent grand jury counsel had not been appointed and therefore was not present during these proceedings. Subsequent legislation had not been enacted to implement this constitutional provision which was approved by the voters in November 1978. Appellant filed a motion to dismiss the indictment on April 1, 1980. In this motion, appellant asserted that the instant indictment was defective because independent grand jury counsel had not been appointed. That motion was denied on April 10, 1980.

Our recent decision of *State v. Rodrigues*, 63 Haw. 412, 629 P.2d 1111 (1981), is dispositive of this appeal. In *Rodrigues*, we held that Article I, Section 11 was not a self-executing provision. Thus, further legislation action was necessary to make this provision operative. We also held that the right to a fair and impartial grand jury under due process of law was not violated by the mere absence of the independent counsel from the grand jury proceeding. The accused has the burden of proving that the grand jury proceeding was prejudiced by the absence of the independent counsel. In this instance, there has been no showing by appellant that the grand jury proceeding was prejudiced by the absence of the independent grand jury counsel.

Contrary to appellant's contention, Article I, Section 11 does not create a substantive right for the accused. Although this constitutional provision provides indirect benefits to the accused, the independent counsel's role is not to serve as an advocate on the accused's behalf. Rather, Article I, Section 11 was established to ensure an independent grand jury and to relieve the prosecutor of the conflicting burdens of presenting evidence in support of the indictment and advising the grand jury on matters of law. *State v. Rodrigues, supra;* Stand. Comm. Rep. No. 69, 3d Haw. Const. Con., *reprinted in* I *Proceedings of the Constitutional Convention of Hawaii of 1978*, at 673 (1978). Nothing in the history of this constitutional amendment supports appellant's position. Moreover, if independent counsel was to serve as an advocate for the accused, the grand jury proceedings would turn into a mini-trial. This is not the function that the grand jury was intended to serve. *State v. Bell*, 60 Haw. 241, 589 P.2d 517 (1978). Therefore, we hold that Article I, Section 11 did not create a substantive right for the accused.

Accordingly, the trial court did not err in denying appellant's motion to dismiss.

Affirmed.

*Michael Tanigawa,* Deputy Public Defender (on the briefs), for defendant-appellant.

*Eleanor Mirikitani,* Deputy Prosecuting Attorney (on the brief), for plaintiff-appellee.