STATE OF HAWAII, Plaintiff-Appellant, *v.* GABRIEL K. KAHLBAUN, Defendant-Appellee, and RANDALL KU NAKOA, Defendant

NO. 8168

CRIMINAL NO. 54617

DECEMBER 28, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM AND NAKAMURA, JJ.

OPINION OF THE COURT BY OGATA, J.

The State of Hawaii (hereinafter State) appeals an order and written ·decision, and an order denying the State's motion for reconsideration by the First Circuit Court where the indictment against defendant-appellee, Gabriel Kahlbaun (hereinafter appellee), was dismissed for lack of independent grand jury counsel as provided for under Article I, Section 11 of the Hawaii State Constitution. The question presented for our consideration is whether Article I, Section 11 of the Hawaii Constitution requires the physical presence of the independent grand jury counsel throughout the grand jury proceeding. For the reasons set forth below, we reverse the orders of the First Circuit Court.

On June 6, 1980, the statutory provisions implementing Article I, Section 11 were enacted into law. *See* Act 209, S.L.H. 1980, now codified in HRS §§ 612-51 through 612-59 (1981 Supp.). David Fong and retired Judge Masato Doi were appointed by the chief justice as independent grand jury counsel on June 19, 1980. Thereafter, on June 25, 1980, the independent counsel were sworn in and introduced to the members of the Oahu Grand Jury. A supplemental charge was then given to the grand jurors by the supervising circuit court judge, informing them of the role of the independent grand jury counsel.[1] Then, the independent counsel noted their appearances for the record.

---

[1] The supplemental charge read in pertinent part:

I further charge you on certain other matters. Pursuant to law and by order dated June 19, 1980, the Chief Justice of the Hawaii Supreme Court appointed grand jury counsel for the First Judicial Circuit. Your counsels are attorney[s] Masato Doi and David L. Fong.

The grand jury counsel shall serve as independent legal counsel to the grand jury, to be at the disposal of the grand jury during its proceedings in obtaining

As a matter of practice, the grand jurors were also informed that if they needed to consult with the independent grand jury counsel, the grand jurors were to call the Criminal Assignments Office of the First Circuit Court. Then, in turn, the assignments office clerk would contact the independent counsel, on a beeper, to come and consult with the grand jury.

Appellee was indicted by the Oahu Grand Jury on August 20, 1980, for burglary in the first degree, in violation of HRS § 708-810(1)(c). Independent counsel David Fong was responsible for advising the grand jury on this date. The record indicates that Fong informally noted his appearance to the grand jury prior to the start of the grand jury proceeding.[2] However, Fong was not present during the presentation of evidence in the instant case. And in this particular case, the grand jurors did not direct any questions of law to the independent grand jury counsel.

On October 20, 1980, appellee filed a motion to dismiss indictment alleging, *inter alia,* that the absence of the grand jury counsel during the grand jury proceeding requires the dismissal of the instant indictment. Numerous hearings on the motion were held.

Then on January 20, 1981, the trial court rendered its decision and granted appellee's motion to dismiss the indictment. In a

---

appropriate advice on matters of law sought by the grand jury, conduct legal research, and provide appropriate answers.

The deliberation and the voting of the grand jury shall be private; provided that the grand jury may interrupt its deliberation or voting in order to call in the grand jury counsel for the purpose of making specific inquiries of counsel or may transmit written inquiries of counsel or may transmit written inquiries to counsel from the privacy of its deliberation or voting, but all such inquiries shall be restricted to matters of law.

All inquiries made by the grand jury of the grand jury counsel shall be recorded verbatim and made part of the record of the grand jury proceedings.

Your inquiries may be transmitted through a bailiff.

Finally, the Court instructs you that you are not to seek or obtain advice on matters of law from the prosecution. Nor is the prosecution to respond to any such inquiries.

At this time, I would like to introduce to you Mr. Masato Doi and David L. Fong who are to be your counsel.

[2] David Fong's appearance before the grand jury was not noted for the record. The court reporter testified that the appearance of independent grand jury counsel would be noted only when questions were asked and answers given, not when an informal introduction is made.

lengthy written decision, the First Circuit Court held that Article I, Section 11 of the Hawaii Constitution mandated the physical presence of the independent grand jury counsel throughout the grand jury proceeding.After examining the relevant standing committee report, convention debates and the underlying objectives of the amendment, the trial court concluded that it was the intent of the framers to have the independent grand jury counsel present throughout the grand jury proceeding. The trial court reasoned that in order to effectuate the independent grand jury counsel's role of advising the grand jury when appropriate and insuring the independence of the grand jury, counsel's presence throughout the proceeding was necessary.

Then on January 26, 1981, the circuit court entered its order dismissing the indictment against appellee. Subsequently, the State filed a motion for reconsideration on January 30, 1981, which was denied by the court on February 26, 1981. The State then brought this appeal.[3]

I.

Article I, Section 11 of the Hawaii State Constitution reads:

Whenever a grand jury is impaneled, there shall be an independent counsel as appointed by law to advise the members of the grand jury regarding matters brought before it. Independent counsel shall be selected from among those persons licensed to practice law by the supreme court of the State and shall not be a public employee. The term and compensation for independent counsel shall be as provided by law.

This provision is unique in American jurisprudence for there is no comparable provision in either the federal or other state constitutions.

---

[3] This Court granted expedited consideration of this appeal upon motion by the State on March 18, 1981, because issues of great public importance were involved. Rule 2(c), R. Haw. Sup. Ct. However, in an expedited appeal, the parties are not relieved of their obligation to conform to the rules of this court with regard to the record on appeal and the timely filing of briefs. *See* Rule 39(b), H.R.P.P.; Rule 75(c), H.R.C.P.; Rule 3, R. Haw. Sup. Ct.

Previously, we have had the opportunity to interpret this constitutional amendment. *E.g., State v. Hehr,* 63 Haw. 640, 633 P.2d 545 (1981); *State v. Pendergrass,* 63 Haw. 633, 633 P.2d 1113 (1981); *State v. Melear,* 63 Haw. 488, 630 P.2d 619 (1981); *State v. Rodrigues,* 63 Haw. 412, 629 P.2d 1111 (1981). A review of our holdings in these cases is appropriate and helpful.

In *State v. Rodrigues, supra,* the questions presented for our consideration were whether Article I, Section 11 was self-executing and whether due process of law was violated by the absence of the independent grand jury counsel. We held that this amendment was not self-executing and that subsequent legislation was necessary to make this provision operative. We also held that the mere absence of the independent grand jury counsel was not a violation of due process. The accused has the burden of proving prejudice by the absence of the independent grand jury counsel.

The holdings of *Rodrigues* were followed in the subsequent cases of *State v. Melear, supra,* and *State v. Pendergrass, supra.*

Then in *State v. Hehr, supra,* we held that Article I, Section 11 did not create a substantive right for the accused. We stated:

Although this constitutional provision provides indirect benefits to the accused, the independent counsel's role is not to serve as an advocate on the accused's behalf. Rather, Article I, Section 11 was established to ensure an independent grand jury and to relieve the prosecutor of the conflicting burdens of presenting evidence in support of the indictment and advising the grand jury on matters of law.

63 Haw. at 641, 633 P.2d at 546-47.

Given these prior interpretations of Article I, Section 11, we are also mindful of the rules of construction relating to constitutional provisions. The fundamental principle in construing a constitutional provision is to give effect to the intention of the framers and the people adopting it. *State v. Miyasaki,* 62 Haw. 269, 614 P.2d 915 (1980); *H.G.E.A. v. County of Maui,* 59 Haw. 65, 80-81, 576 P.2d 1029, 1039 (1978). This intent is to be found in the instrument itself. When the text of a constitutional provision is not ambiguous, the court, in construing it, is not at liberty to search for its meaning beyond the instrument. *Draper v. State,* 621 P.2d 1142 (Okla. 1981); *Perkins v. Eskeridge,* 278 Md. 619, 366 A.2d 21 (1976). However, if the text is ambiguous, extrinsic aids may be examined to determine

the intent of the framers and the people adopting the proposed amendment. *Newman v. Hjelle*, 133 N.W.2d 549 (N.D. 1965); *Director of Dep't of Agriculture & Environment v. Printing Ind. Assn.*, 600 S.W.2d 264 (Tex. 1980).

The trial court found that Article I, Section 11, on its face, required the independent grand jury counsel to be present throughout the grand jury proceeding. The trial court placed great emphasis on the independent counsel's function to "advise the members of the grand jury regarding matters brought before it in its proceeding," and reasoned that in order to effectuate the role of advising the grand jury, the independent grand jury counsel must be physically present throughout the grand jury proceeding.

The language of Article I, Section 11, does not clearly express the intent of the framers on the issue of whether the independent grand jury counsel must be physically present at all times during the grand jury proceeding. The Constitution only requires that the independent counsel advise the grand jury. The function of advising the grand jury on matters of law still can be accomplished without counsel having to be physically present throughout the grand jury proceeding. The word "advise" means to "give advice to: counsel." *Webster's Third International Dictionary*. Using this term in its ordinary sense, "advise" does not indicate or suggest that a physical presence is required. *In Re Application of Pioneer Mill*, 53 Haw. 496, 497 P.2d 549 (1972). Advice can come in many forms, but physical presence is not a prerequisite. Given this ambiguity, it is necessary to examine extrinsic aids in order to ascertain the meaning of Article I, § 11 of the Hawaii Constitution.

Another established rule of construction is that a court may look to the object sought to be accomplished and the evils sought to be remedied by the amendment, along with the history of the times and the state of being when the constitutional provision was adopted. *H.G.E.A. v. County of Maui, supra*, at 81, 576 P.2d at 1039; *Director of Dep't of Agriculture & Environment v. Printing Ind. Ass'n., supra; Newman v. Hjelle, supra*. In addition, we can also look to the understanding of the voters who adopted the constitutional provisions, *State v. Lewis*, 559 P.2d 630 (Alaska 1977); *People ex. rel. Scott v. Briceland*, 65 Ill.2d 485, 359 N.E.2d 149, 3 Ill. Dec. 739 (1976); and the legislative implementation of the constitutional amendment. *H.G.E.A. v. County of Maui; supra*.

It is important to remember the role the grand jury plays in the criminal justice system. The grand jury functions as a barrier to reckless or unfounded charges and serves as a "shield against arbitrary or oppressive action, by insuring that serious criminal accusations will be brought only upon the considered judgment of a representative body of citizens acting under oath and under judicial instruction and guidance." *United States v. Mandujano*, 425 U.S. 564, 571 (1976); *State v. Pacific Concrete & Rock Co.*, 57 Haw. 574, 560 P.2d 1309 (1977). As the United States Supreme Court stated in *United States v. Calandra*, 414 U.S. 338, 343-44 (1974):

> A grand jury proceeding is not an adversary hearing in which the guilt or innocence of the accused is adjudicated. Rather, it is an *ex parte* investigation to determine whether a crime has been committed and whether criminal proceedings should be instituted against any person.

*State v. O'Daniel*, 62 Haw. 518, 616 P.2d 1383 (1980); *State v. Bell*, 60 Haw. 241, 589 P.2d 517 (1978). As such, the grand jury proceeding is not intended to be a mini-trial. *State v. Bell, supra.*

The grand jury system provides additional benefits which were aptly stated in Standing Committee Report No. 69, 3d Haw. Const. Con., *reprinted in* I *Proceedings of the Constitutional Convention of Hawaii of 1978*, at 673 (1978).

> Despite these defects in the grand jury system, your Committee is aware that the grand jury does have some positive aspects. In certain cases, such as sex crimes or those involving a youthful victim, it protects the victim against being cross-examined at the preliminary hearing level and at trial. Fears were expressed that undergoing cross-examination twice would be hard on those witnesses and may discourage them from acting as witnesses.

> Besides the accusatory function of the grand jury, it plays another role which may be of greater importance to society. A grand jury can also be investigative. . . .

However, in recent years, the grand jury system has come under severe criticism. Rather than being a shield to unfounded charges as intended, critics charge that the grand jury has become a rubber stamp of the prosecuting attorney.[4] These criticisms were not un-

---

[4] *See* Hixon, "Bringing Down the Curtain on the Absurd Drama of Entrances and Exits — Witness Representation in the Grand Jury Room," 15 Am. Crim. L. Rev. 307,

founded; thus, a substantial movement developed to abolish the grand jury in total. Instead of completely abolishing the grand jury system in Hawaii, the 1978 Constitutional Convention sought to cure some of the ills by proposing the concept of the independent grand jury counsel. This proposal sought to relieve the prosecutor of the conflicting roles of advising the grand jury and presenting sufficient evidence to sustain an indictment. *State v. Rodrigues, supra; State v. Pendergrass, supra;* Stand. Comm. Rep. No. 69, *supra,* at 673. Ultimately, this measure would ensure the independence of the grand jury from the domination of the prosecutor.

In order to give effect to the intention of the framers and the people adopting a constitutional provision, an examination of the debates, proceedings and committee reports is useful. But, the debates, proceedings and committee reports do not have binding force on this court and its persuasive value depends upon the circumstances of each case. *Metal Form Corp v. Leachman,* 599 S.W.2d 922, 926 (Mo. 1980); *State v. Lewis, supra; Perkins v. Eskridge, supra; see* Sen. Stand. Comm. Rep. No. 784, 1980 *Senate Journal* 1350, 1352 (1979).

Our examination of the convention debates, proceedings and committee reports reveals that the intent of the framers of the constitutional convention in adopting the independent grand jury counsel provision was to ensure an independent grand jury. *State v. Rodrigues, supra; State v. Pendergrass, supra.* The concern of the delegates was evidenced in Standing Committee Report No. 69, *supra,* at 673, where it was expressed:

> Your committee is aware that many critics have pointed to certain ills in the current method of using the grand jury as an accusatory mechanism. Concern has been expressed because only the prosecution and his witness are present in the hearing room along with the grand jurors. He [prosecutor] controls the evidence to be presented; there is no limit on the nature of the evidence to be presented; he advises the grand jury on the law; grand jurors are generally unfamiliar with the law; and the defendant is not present nor is the defendant's attorney.

---

312-14 (1978); *Note,* "The Grand Jury: Powers, Procedures, and Problems," 9 Columbia J. L. & Soc. Prob. 681 (1973); M. Frankel & G. Natifis, *The Grand Jury* (1977); Nat'l Center for State Courts, I *Hawaii's Jury System, Grand Juries* (1976).

In order to counter the dominance of the prosecutor, the independent grand jury counsel was proposed to remedy the situation. The independent grand jury counsel's role was envisioned by some delegates as follows:

> The role of counsel will be to advise the grand jury and not the witness or the prosecutor. Until now the prosecutor has served as the legal adviser to the grand jury, but there seems to be a conflict between presenting evidence to a grand jury in the hope that they will return an indictment and being their legal advisor. Independent legal counsel will be available to advise the grand jury on any appropriate matter. Your Committee believes that the parameters of the role of the independent counsel will be determined by the grand jury, but if his role is to be effective counsel should advise the grand jury whether it is appropriate rather than when asked.

Stand. Comm. Rep. No. 69, *supra*, at 673.

In the above-cited passage from Standing Committee Report No. 69, it indicates that the framers of the amendment wanted the independent grand jury counsel to be available to advise the grand jury. By definition, available means "that is accessible or may be obtained." *Webster's Third International Dictionary*, p. 150. Given this definition, physical presence is not a necessary condition to availability. Thus, it further appears that the framers did not intend for the independent grand jury counsel to be physically present throughout the grand jury proceeding.

We also find it necessary to look to the understanding of the voters who adopted the constitutional provision. *State v. Lewis, supra; People ex. rel. Scott v. Briceland, supra.*

The 1978 Constitutional Convention provided to each voter an informational booklet which summarized each proposed amendment. These summaries fairly and sufficiently advised voters of the substance and effect of the proposed amendment. *Kahalekai v. Doi,* 60 Haw. 324, 343, 590 P.2d 543, 555-56 (1979).

The summary for Article I, Section 11 reads as follows:

INDEPENDENT GRAND JURY COUNSEL
(Article I, Section 11)

If adopted, this amendment provides:

— an independent lawyer to advise the grand jury.

— a way to choose those lawyers, and requires that the legislature set their pay and how long they shall work.

In this clear expression of their intent, the framers did not specifically require nor did they intend for the independent grand jury counsel to be physically present throughout the grand jury proceeding. Absent is language clearly evidencing an intent for the independent counsel to be physically present. The independent grand jury counsel was established to advise the grand jury.

The legislative construction of Article I, Section 11 rendered a similar conclusion. The legislature enacted Act 209, S.L.H. 1980, to implement Article I, Section 11 of the Hawaii Constitution.[5] The legislative determination of the framers' intent on the issue of the physical presence of the independent grand jury counsel is evidenced by HRS § 612-57. That statute reads in pertinent part:

> The grand jury counsel *may be present* during the grand jury proceeding but shall not participate in the questioning of witnesses or the prosecution. The grand jury counsel's function shall be to receive inquiries on matters of law sought by the grand jury, conduct legal research, and provide appropriate answers. [Emphasis added.]

By using the non-mandatory language, "may be present," the legislature found that the physical presence of the independent grand jury counsel throughout the grand jury proceeding was unnecessary and was not the intent of the framers of the 1978 Constitutional Convention.

A legislative construction implementing a constitutional amendment cannot produce an absurd result or be inconsistent with the purposes and policies of the amendment. *Schwab v. Ariyoshi,* 58 Haw. 25, 37, 564 P.2d 135, 142 (1977). However, when a legislative construction of a constitutional amendment is reasonable, courts will normally follow the legislative construction. *H.G.E.A. v. County of Maui, supra,* at 88, 576 P.2d at 1042-43. We think that the legislative

---

[5] The object of Act 209, S.L.H. 1980, was to implement Article I, Section 11, and the purpose of the legislation was set forth as follows:

> The purpose of this bill is to implement Article I, Section 11, of the Constitution of the State of Hawaii as proposed by the Hawaii Constitutional Convention of 1978 and ratified by the voters on November 7, 1978, which pertains to the grand jury counsel and grand jury proceedings.

construction of Article I, Section 11 does not produce an absurd result nor is inconsistent with the purposes underlying the amendment. Therefore, we find that the legislative construction of Article I, Section 11 is reasonable and choose to follow such a construction.

Moreover, contrary to the circuit court's reasoning, the amendment has improved the situation that existed in the grand jury prior to the enactment of the amendment. Being that the independent grand jury counsel advises the grand jury on matters of law, the absence of the counsel does not revert the grand jury proceeding to its pre-amendment status. The independent counsel must still be consulted with by the grand jury if they have questions of law.[6]

Upon consideration of the above enunciated-factors in ascertaining the intent underlying Article I, Section 11 of the Hawaii Constitution, we hold that this constitutional amendment does not require the physical presence of the independent grand jury counsel throughout the grand jury proceeding.

II.

We have held that the absence of the independent grand jury counsel from the grand jury proceeding must be shown to be prejudicial to the accused in order to invalidate the indictment. *State v. Rodrigues, supra.* The accused has the burden of establishing prejudice in challenging the validity of an indictment. *State v. Rodrigues, supra; State v. Scotland,* 58 Haw. 474, 572 P.2d 497 (1977). We stated in *State v. Scotland, supra,* at 476-77, 572 P.2d at 499:

> [I]n proceedings determining the validity of an indictment, the state does not have the burden of proving that the alleged illegal or improper testimony is not prejudicial; *it is the duty of the defendant to come forward and present a case proving prejudice.* "[I]n the absence of proof, the court will not assume or conjecture, as a matter of fact, that the grand jury deliberations were so infected

---

[6] The circuit court retains supervisory control over the grand jury. In re Moe, 62 Haw. 613, 617 P.2d 1222 (1980); Sapienza v. Hayashi, 57 Haw. 289, 554 P.2d 1131 (1976). Whenever the independent legal counsel is unavailable, questions of law still may be presented to the circuit judge. Thus, it cannot be a constitutional violation of the magnitude requiring dismissal of an indictment where the independent counsel is not present.

as to invalidate the indictment." "We rule that a specific showing of prejudice is necessary to make erroneous the action of the trial judge in refusing to dismiss the indictment." [Citations omitted; emphasis added.]

As we discussed above, physical presence of the independent grand jury counsel is not mandated by the Hawaii constitution. *See* Part I, *supra.* The bare allegation of the absence of the independent grand jury counsel from the grand jury proceeding, without more, is insufficient to establish prejudice. Moreover, the record reveals that for the instant case the grand jury did not seek the advice of the independent grand jury counsel. The record also shows that the independent counsel was available to render advice to the grand jury. Therefore, based on this record, we find that the absence of the independent grand jury counsel was not prejudicial.

### III.

Although we found that the constitution does not mandate the physical presence of the independent grand jury counsel throughout the grand jury proceeding, and that appellee was not prejudiced by such an absence, we find it appropriate to express further views on the independent grand jury counsel.

In addition to advising the grand jurors on questions of law when asked, at the outset of each grand jury session, the independent counsel, on the record, must note his/her presence and instruct the grand jurors on the procedures to summon the counsel for consultation. By this act, a record will be available which shows the court that the independent counsel was present before the grand jury; that the independent counsel was available to advise the grand jury; and that the grand jurors knew the procedures to consult with their counsel.[7] *See* HRS § 612-58(c).

Additionally, the independent grand jury counsel should be in close proximity to the grand jury. We do not mean that the independent grand jury counsel may return to his/her law office while awaiting to be summoned by the grand jury. Preferably, the inde-

---

[7] These procedures must be followed on the first case heard by the grand jury. However, on subsequent cases, these requirements can be incorporated by reference and made applicable to the subsequent cases, unless the circumstances change.

pendent counsel should be in a separate room, next to the grand jury. But at the very least, the independent counsel should be in the same building that the grand jury meets. Of course, the independent grand jury counsel is not prohibited from being in the grand jury room if desired. We impose this proximity requirement so that the independent grand jury counsel will be readily available to the grand jury and that delays will be kept to a minimum.

With these additional requirements, we believe that the independent grand jury counsel will be effective in insuring an independent grand jury.

### IV.

Finding no constitutional violation by the absence of the independent grand jury counsel from the grand jury proceedings, the dismissal of the instant indictment was not warranted. Accordingly, we reverse the order and written decision, and the order denying the State's motion for reconsideration, and remand the case to the circuit court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

*Arthur Ross,* Deputy Prosecuting Attorney, for plaintiff-appellant.

*Jerry I. Wilson (Wilson & Berman* of counsel) for defendant-appellee.