STATE OF HAWAII, Plaintiff-Appellee *v.* BRYAN B. PILAGO, Defendant-Appellant, and ANGELINO PILAGO, also known as Angel Pilago and LAWRENCE ANGEL JOVE, Defendants

NO. 7764

(CRIMINAL NO. 52927)

JUNE 29, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ.,AND RETIRED JUSTICES OGATA AND MENOR, ASSIGNED TEMPORARILY

OPINION OF THE COURT BY LUM, J.

Appellant Bryan B. Pilago was convicted under a multiple-count indictment for offenses under the Hawaii Revised Statutes (HRS), namely, (Count I) possession of a prohibited firearm, section 134-8, (Count III) receiving, retaining or disposing of stolen property (firearm), section 708-831(1)(c) and (Count V), possession of firearm by a person convicted of certain crimes, section 134-7(b).

The most critical issue in this case is whether the trial court erred in failing to suppress certain taped conversations between the police

and appellant. It is appellant's contention that these warrantless and surreptitious recordings violated the rights secured to him under the search and seizure provisions of article I, section 7 of the Hawaii State Constitution.

On November 20, 1978, Officer Russell Akana, who was working in an undercover capacity for the Honolulu Police Department's "Project Hukilau," was contacted by a confidential informant who advised him of the availability of a certain firearm. Officer Akana then contacted one Lawrence Jove, who informed Akana that the appellant, Bryan Pilago, had an M-60 machine gun available. Appellant's phone number was also later obtained from Jove.

In the evening of November 21, 1978, Officer Akana, posing as a prospective buyer named "Junior," telephoned appellant at his home to arrange a meeting at which the purchase of the weapon by "Junior" could be consummated. The terms of the purchase were reached during this conversation. It was also agreed that "Junior's" boy would pick up Jove shortly after midnight at the Latin Villa nightclub in Kalihi where Jove worked as a doorman, and drive him to Violet's Grill nearby where the meeting would take place. Unknown to appellant, this conversation was being recorded by the officer.

Detectives John Paekukui and Terumitsu Yasuda were assigned to pose as "Junior's" boys who were to pick up Lawrence Jove and proceed to Violet's Grill. Officer Yasuda carried a tape recorder concealed on his person to record the transaction. They met Jove as arranged, and as they were walking toward Yasuda's car, appellant unexpectedly joined them. All of them except Jove, who returned to the Latin Villa, then proceeded to appellant's vehicle which was parked in the nightclub's parking lot. Appellant's father, Angelino Pilago, was sitting in the driver's seat and stepped out of the car to join the parties as they approached the vehicle. This area was readily accessible to the public.

With the assistance of his father, appellant opened the trunk of his vehicle and showed the undercover officers an M-60 machine gun. He explained to them where the weapon had come from, its condition, and how it worked. The entire conversation was taped by Officer Yasuda. Detective Paekukui then turned the purchase money over to appellant, and the officers thereafter left with the weapon in their possession.

In the afternoon of November 22, 1978, Officer Akana telephoned appellant at his home, again identifying himself as "Junior." The officer expressed satisfaction with the "purchase" and engaged appellant in further discussions regarding it and other matters of a related nature. This conversation, too, was recorded by the officer.

On the basis of the facts before us, we hold that the trial court did not err in denying appellant's motion to suppress his recorded statements. *State v. Lester,* 64 Haw. 659, 649 P.2d 346 (1982). He did not, in our opinion, exhibit that actual (subjective) expectation of privacy that the *Katz*[1] test requires. Neither are we satisfied that in the circumstances appellant's expectation of privacy, when viewed objectively, would have been justifiable.

Appellant additionally challenges his conviction for several firearms offenses. He contends that the offenses arose out of a single transaction; consequently, he argues that HRS § 701-109(1)(a)[2] prohibits multiple prosecution.

He also contends his convictions of the three counts violated his constitutional right against double jeopardy.

Appellant's contentions are without merit. We hold that where a defendant in the context of one criminal scheme or transaction commits several acts independently violative of one or more statutes, he may be punished for all of them if charges are properly consolidated by the State in one trial. *State v. Pia,* 55 Haw. 14, 19, 514 P.2d 580, 585 (1973).

Finally, appellant contends that the trial court erred in denying his motion to dismiss indictment on the ground that article I, section 11 of the Hawaii Constitution was self-executing and required

---

[1] Katz v. United States, 389 U.S. 347, 361 (1967) (Harlan, J., concurring). *See also* State v. Texeira, 62 Haw. 45, 609 P.2d 131 (1980); State v. Dias, 62 Haw. 52, 609 P.2d 637 (1980).

[2] § 701-109 *Method of prosecution when conduct establishes an element of more than one offense.* (1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. He may not, however, be convicted of more than one offense if:

(a) One offense is included in the other, as defined in subsection (4) of this section. . . .

appointment of an independent counsel upon impanelment of the grand jury. Appellant's argument was answered by our recent decision in *State v. Rodrigues*, 63 Haw. 412, 629 P.2d 1111 (1982), however, wherein we held that article I, section 11 of the Hawaii State Constitution, creating the position of independent grand jury counsel, is not self-executing.

Affirmed.

*Herbert B. K. Lau,* Deputy Public Defender, for defendant-appellant.

*Thomas M. Pico, Jr. (Richard L. Hoke, Jr.,* on the brief), Deputy Prosecuting Attorneys, for plaintiff-appellee.

## DISSENTING OPINION OF NAKAMURA, J., WITH WHOM RICHARDSON, C.J., JOINS

I respectfully dissent, for reasons set forth in my dissent in *State v. Lester,* 64 Haw. 659, 649 P.2d 346 (1982).