**Electronically Filed
Supreme Court
SCEC-24-0000474
25-JUL-2024
12:02 PM
Dkt. 30 OPPC**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

KARL ORLANDO DICKS,
Plaintiff,

vs.

STATE OF HAWAI'I, OFFICE OF ELECTIONS;
SCOTT NAGO, Chief Election Officer, State of Hawai'i,
Defendants.

SCEC-24-0000474

ORIGINAL PROCEEDING

JULY 25, 2024

RECKTENWALD, C.J., McKENNA, EDDINS, GINOZA, AND DEVENS, JJ.

PER CURIAM

In this election contest, filed before the election results have even posted, a nonpartisan candidate alleges that the primary election ballots suffer from constitutional and statutory infirmities.  We disagree.

For the reasons discussed, we dismiss all election contest claims for failure to state a claim.  We also liberally construe

the complaint as seeking a petition for a writ of mandamus directed to a public officer, and deny the petition.

## I. Background

On July 11, 2024, Plaintiff Karl Orlando Dicks filed a complaint challenging the primary election ballot's requirement that the voter select a political preference to vote. Plaintiff claims the primary ballot violates article II, section 4 of the Hawai'i Constitution and Hawai'i Revised Statutes (HRS) §§ 12-21, 12-31, and 12-42 (2009), and citing to HRS §§ 11-172 (Supp. 2021), 11-173.5 (2009 & Supp. 2023), 11-174.5 (2009 & Supp. 2021), 91-14 (2012 & Supp. 2016) and 602-5 (2016), he seeks an order directing Defendants to design a ballot that conforms to the law and to declare the current ballot invalid.

On July 16, 2024, Defendants State of Hawai'i, Office of Elections and Scott Nago, in his official capacity as Chief Election Officer of the State of Hawai'i, moved to dismiss the complaint for failure to state a claim or lack of jurisdiction.

## II. Discussion

### A. Plaintiff's claims under HRS §§ 11-173.5, 11-174.5 and 91-14, are dismissed

Defendants moved to dismiss the complaint for failure to state a claim.

Dismissal of a claim is appropriate where the plaintiff can prove no set of facts in support of a claim to be entitled to

relief. See Bank of Am., N.A. v. Reyes-Toledo, 143 Hawai'i 249, 258, 428 P.3d 761, 770 (2018).

HRS § 11-173.5 applies to primary election contests, and the relief available is for this court to enter a judgment that decides which candidate was nominated or elected. See HRS § 11-173.5(b). Under HRS § 11-174.5, for a general election the remedies available are for this court to decide which candidate was elected, or to invalidate the election when the correct result cannot be ascertained. Thus, to state a claim to relief under HRS §§ 11-173.5 and 11-174.5, the complaint must plead that election results have posted.

Here, the complaint fails to state a claim under HRS §§ 11-173.5 and 11-174.5 because no posted election results are challenged. In addition, Plaintiff's reliance on HRS § 91-14 is misplaced as HRS § 91-14 applies to an appeal of a contested case, and has no application to election contests.

Based on the foregoing, the complaint's claims made under HRS §§ 11-173.5,[1] 11-174.5, and 91-14 are dismissed for failure to state a claim.

---

[1] For a primary election contest, HRS § 11-173.5(b) requires the disposition be entered by "the fourth day after the return[.]" To fall under this deadline, the complaint must challenge the primary election results. See HRS § 11-173.5(b) (requiring the judgment to decide what candidate was nominated/elected). Accordingly, we find that the disposition deadline stated in HRS § 11-173.5(b) has no application because, as detailed in the complaint and Defendants' motion to dismiss, no election results have posted.

3

**B.    Plaintiff's claims under HRS § 11-172 are dismissed**

Plaintiff's complaint also challenged all primary election ballots statewide under HRS § 11-172.  In opposition, citing to HRS § 11-172 and Tax Found. of Hawai'i v. State, 144 Hawai'i 175, 439 P.3d 127 (2019), Defendants argued that Plaintiff, as a nonpartisan candidate for the Mayor's race in the City and County of Honolulu, has no standing to challenge all statewide ballots, and only has standing to bring an election contest in the race where he is a candidate.

The question presented is thus whether a nonpartisan candidate for a county race has standing under HRS § 11-172 to challenge all primary ballots statewide.

In Hawai'i state courts, standing is solely an issue of justiciability, arising out of prudential concerns of judicial self-governance, and is based on concern about the properly limited role of courts in a democratic society.  See Tax Found., 144 Hawai'i at 190-92, 439 P.3d at 142-44.

The rules of statutory interpretation require us to apply a plain language analysis when statutory language is clear.  See Barker v. Young, 153 Hawai'i 144, 149, 528 P.3d 217, 222 (2023).

HRS § 11-172 provides:

> **§ 11-172. Contest for cause; generally**
>
> With respect to any election, any candidate, or qualified political party directly interested, or any thirty voters of any election district, may file a complaint in the supreme court.  The complaint shall set forth any cause or

4

> causes, such as but not limited to, provable fraud, overages, or underages, that could cause a difference in the election results. The complaint shall also set forth any reasons for reversing, correcting, or changing the decisions of the voter service center officials or the officials at a counting center in an election using the electronic voting system. A copy of the complaint shall be delivered to the chief election officer or the clerk in the case of county elections.

Construing HRS § 11-172, the plain language limits who may file an election contest to "any candidate, or qualified political party directly interested, or any thirty voters of any election district" based on grounds that could cause a difference in the election results. With this, the legislature expressed its intent to limit who may file election contests. It follows that a candidate for an elective public office only has standing to file a complaint under HRS § 11-172 to challenge the election results in the election where that candidate appears on the ballot. A construction of the statute in this manner would give effect to the language in HRS § 11-172 that requires a plaintiff to have a direct interest in the election to file an election contest in the supreme court. See State v. Plichta, 116 Hawaiʻi 200, 213, 172 P.3d 512, 525 (2007) (noting that for statutory interpretation "our sole duty is to give effect to the statute's plain and obvious meaning").

Here, Defendants conceded that Plaintiff is a nonpartisan candidate for Mayor in Honolulu. Applying HRS § 11-172, we hold that Plaintiff has standing to file a complaint only as to this

5

race — where he appears as a candidate — and may not challenge the primary ballots for all statewide races.

We turn now to the question of whether Plaintiff's complaint states a claim under HRS § 11-172 with respect to the City and County of Honolulu race for Mayor.

To state a claim under HRS § 11-172, the election contest complaint, at the bare minimum, must plead that the conduct in question by the election official could cause a difference in the election results.

Defendants argued that because Plaintiff is on the nonpartisan county ballot, that none of the provisions cited by Plaintiff as having been violated are applicable. In this way, Defendants argued that Plaintiff's challenge to the instructions on the primary ballot, even if true, could not cause a difference in the nonpartisan race.

We agree with Defendants.

Here, the complaint fails to state a claim under HRS § 11-172. The ballot attached to Plaintiff's complaint plainly states that the voter is eligible to vote for all county contests. As such, even if the allegations in the complaint were true, the purported defect on the voter instructions would have no impact on Plaintiff's nonpartisan race.

Based on the foregoing, the complaint's claims made under HRS § 11-172 are dismissed for failure to state a claim.

### C. Mandamus relief is not appropriate

Plaintiff cited HRS § 602-5 to support his request for an order directing Defendants to design the ballots in accordance with Plaintiff's belief as to how the law should apply.

Plaintiff is self-represented. A fundamental tenet of Hawai'i law is that filings by self-represented parties are construed liberally. See Erum v. Llego, 147 Hawai'i 368, 391, 465 P.3d 815, 838 (2020). Under a liberal construction, Plaintiff's claims could be construed as a petition for a writ of mandamus directed to a public officer.

This court has discretion to entertain applications for "writs of mandamus directed to public officers to compel them to fulfill the duties of their offices[.]" HRS § 602-5(a)(3). "Writs are rare." Rivera v. Cataldo, 153 Hawai'i 320, 324, 537 P.3d 1167, 1171 (2023). In the ordinary case, a writ will not issue unless the petitioner demonstrates a clear and indisputable right to the relief requested and a lack of other means to redress adequately the alleged wrong or to obtain the requested action. See Womble Bond Dickinson (US) LLP v. Kim, 153 Hawai'i 307, 319, 537 P.3d 1154, 1166 (2023); see also Barnett v. Broderick, 84 Hawai'i 109, 111, 929 P.2d 1359, 1361 (1996) (similar).

Plaintiff's complaint failed to meet this high standard.

### 1.   Plaintiff's complaint failed to establish a clear and indisputable right to the relief requested

To recap, Plaintiff's complaint asserted that the primary election ballots conflict with the Hawai'i Constitution, article II, section 4 because the instructions require a voter to select one political preference for the vote to count.

Article II, section 4 of the Hawai'i Constitution, "Registration; Voting," provides:

> The legislature shall provide for the registration of voters and for absentee voting and shall prescribe the method of voting at all elections.  Secrecy of voting shall be preserved; provided that no person shall be required to declare a party preference or nonpartisanship as a condition of voting in any primary or special primary election.  Secrecy of voting and choice of political party affiliation or nonpartisanship shall be preserved.

Defendants countered that the ballot conforms to the law. Defendants focused their arguments on the statutes, and did not address, in detail, the constitutional issue presented.

Upon review, we find that Plaintiff failed to establish a clear and indisputable right to the relief requested.

The constitutional history for article II, section 4 of the Hawai'i Constitution,[2] as detailed in Democratic Party of Hawaii v. Nago, 982 F. Supp. 2d 1166, 1169-71 (D. Haw. 2013), aff'd, 833 F.3d 1119 (9th Cir. 2016), cert. denied, 581 U.S. 972

---

[2]     "In order to give effect to the intention of the framers and the people adopting a constitutional provision, an examination of the debates, proceedings and committee reports is useful."  State v. Kahlbaun, 64 Haw. 197, 204, 638 P.2d 309, 316 (1981).

(2017), belies Plaintiff's claim that the primary election ballot suffers from a constitutional infirmity.

The prohibition on declaring a party preference in article II, section 4 of the Hawai'i Constitution was meant to change the elections in Hawai'i from a closed primary system to an open primary.  See Democratic Party, 982 F. Supp. 2d at 1169-71.

Under the closed primary system, a voter had to both register with the party and identify his registered party to the precinct official in order to vote, which information was also recorded with the county clerk.  Id.  In an open primary, a person may vote without having to register with a party beforehand or declare a party preference to the precinct official; provided, a voter may only vote for the party's nominees for all offices in a single party.  Id.  In short, a voter in an open primary is required to vote only for candidates of one political persuasion.  Id.

Likewise, Plaintiff's claims grounded in HRS §§ 12-21, 12-31, and 12-42 are without merit.  First, it appears Plaintiff is claiming that the primary ballot fails to comply with the provision in HRS § 12-21 that states "[t]he name of each party and the nonpartisan designation shall be distinctly printed and sufficiently separate from each other."  Yet the ballot attached to Plaintiff's complaint appears to do just that by identifying

and separating the candidates in the respective races by party and nonpartisan designations.

Next, as to HRS § 12-31, it appears Plaintiff is claiming that the primary ballot violates that statute by requiring a person to identify a party preference before voting. As discussed above related to article II, section 4 of the Hawai'i Constitution, Plaintiff's reading of the law is incorrect. See also 1979 Haw. Sess. Laws Act 139, §§ 1, 9 at 313, 317 (amending HRS § 12-31, in pertinent part, to implement article II, section 4 of the Hawai'i Constitution, and eliminate the requirement that a voter "state his party preference or nonpartisanship to the precinct officials" in order to vote). Further, HRS § 12-31 expressly provides that in a primary election "[a] voter shall be entitled to vote only for candidates of one party or only for nonpartisan candidates."

Finally, as to HRS § 12-42, the complaint claims that the ballot violates that statute because unopposed candidates should not be on primary ballots. Defendants countered that HRS § 12-42 only applies to special elections and because the upcoming election is a primary election, HRS § 12-42 does not apply. Here, a review of the plain language of HRS § 12-42 confirms that it only applies to a special election; not the subject primary election.

For the reasons stated, Plaintiff has failed to establish a clear and indisputable right to the relief requested.

### 2. Plaintiff failed to establish a lack of other means to redress adequately the alleged wrong or to obtain the requested action

Defendants' motion to dismiss argued that laches should bar the complaint, and noted that Plaintiff had participated in, or was aware of litigation regarding the design of the primary election ballots in 2022. While the Defendants' motion to dismiss is silent on the alternative means that may be available to Plaintiff to pursue a challenge to the design of the primary election ballots, the burden is on Plaintiff — not the Defendants — to establish a lack of other means to redress his grievance.

Plaintiff failed to assert that he lacks alternative means to obtain the relief requested by his petition. Yet it appears the Plaintiff, in the first instance, could raise his grievance with the elections commission. The legislature established the elections commission, see HRS § 11-7(a) (2009), with duties, among other things, to "[i]nvestigate and hold hearings for receiving evidence of any violations and complaints." HRS § 11-7.5(2) (Supp. 2015). The administrative rules implementing this statute provide that an appropriate subject for a complaint to the elections commission concerning an administrative act of the

office of elections might be that the act is contrary to law. See Hawai'i Administrative Rules § 3-170-6 (eff. 2008).

Here, the burden was on Plaintiff to establish a lack of other means to redress adequately the alleged wrong or to obtain the requested action related to his ballot grievance. See Womble, 153 Hawai'i at 319, 537 P.3d at 1166. We find that Plaintiff's complaint failed to meet this burden.

## III. Conclusion

Defendants' motion to dismiss is granted in part. Plaintiff's election contest claims are all dismissed for failure to state a claim.

To the extent the court has liberally construed the complaint as a petition seeking a writ of mandamus directed to a public officer, the petition is denied. See Hawai'i Rules of Appellate Procedure, Rule 21(c) ("If the court is of the opinion that the writ should not be entertained, it shall deny the petition.").

Judgment is entered in favor of Defendants and against Plaintiff.

| | |
|---|---|
| Karl Orlando Dicks<br>plaintiff | /s/ Mark E. Recktenwald |
| | /s/ Sabrina S. McKenna |
| Randall S. Nishiyama and<br>Reese R. Nakamura<br>for defendants | /s/ Todd W. Eddins |
| | /s/ Lisa M. Ginoza |
| | /s/ Vladimir P. Devens |

