STATE OF HAWAII, Plaintiff-Appellee, *v.* RUDY SADINO, Defendant-Appellant

NO. 7935

CR. NO. 6174

MARCH 25, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ.,
RETIRED JUSTICES OGATA AND MENOR
ASSIGNED BY REASON OF VACANCIES

*Per Curiam.* Defendant-appellant, Rudy Sadino (hereinafter appellant), appeals from his conviction by jury of two counts of murder and one count of criminal property damage in the first degree,[1] for which he was sentenced to concurrent terms of life imprisonment with the possibility of parole on the murder charges and a ten-year term on the criminal property damage charge. We affirm.

Appellant was indicted for the murders of David Wong and Albert Beckley, whose charred remains were found bound to a bed,

---

[1] Murder is a violation of HRS § 707-701 and Criminal Property Damage in the First Degree violates HRS § 708-820(1).

with their mouths gagged, in a room of the Pacific Hotel in downtown Hilo. The bodies were discovered after a fire was extinguished upstairs of Mun Cheong Lau Restaurant on March 27, 1979. Both Wong and Beckley died from suffocation prior to the fire.

The prosecution's case against appellant was based on latent fingerprints, determined to be appellant's, lifted from a watch case in the decedent's room, and appellant's admission to three persons that he killed the two men and then set the fire. However, appellant testifying on his own behalf, denied killing the victims and setting the fire. He stated that he made the admissions only as a joke. Appellant also testified that he touched a watch case in the hotel previously and that accounted for his fingerprints being on the watch case.

Appellant raises two issues on this appeal. First, whether the trial court erred in not dismissing appellant's indictment for lack of independent grand jury counsel. Second, whether the trial court erred in denying appellant's motion for judgment of acquittal.

The record clearly shows that appellant failed to raise his first contention below. No motion, either oral or written, was filed in seeking the dismissal of the instant indictment for lack of the independent grand jury counsel created by Article I, Section 11 of the Hawaii State Constitution. It is well settled that appellate courts will not consider questions raised for the first time on appeal. *State v. DeSilva*, 64 Haw. 40, 636 P.2d 728 (1981); *State v. Martin*, 62 Haw. 364, 616 P.2d 193 (1980); *State v. Kahalewai*, 56 Haw. 481, 541 P.2d 1020 (1975). However, we may depart from this rule where there is plain error or defects affecting substantial rights of a defendant. *State v. Naeole*, 62 Haw. 563, 617 P.2d 820 (1980); *State v. Martin, supra;* Rule 52(b), H.R.P.P.

The record also reveals that the attorney prosecuting this appeal was not the same as the one who tried the case. This fact does not excuse the failure to raise this issue below. However, we believe that this issue involving the independent grand jury counsel was not plain error or a defect affecting the substantive rights of appellant. We have held that the grand jury counsel was created for the benefit of the grand jury in order to ensure an independent grand jury, not a substantive right of the criminal defendant. *State v. Hehr*, 63 Haw. 640, 633 P.2d 545 (1981). Moreover, Article I, Section 11 of the Hawaii Constitution is not self-executing and a defendant has the

burden of showing prejudice by the absence of the independent counsel. *State v. Rodrigues,* 63 Haw. 412, 629 P.2d 1111 (1981). Our recent decisions on the issue of the independent grand jury counsel[2] make clear that neither plain error nor a defect affecting substantial rights of a defendant was involved. Therefore, we decline to consider the merits of this issue.

Appellant's second contention is that the trial court erroneously denied his motion for judgment of acquittal. Specifically, appellant argues that the State failed to prove the requisite state of mind necessary to establish the crime of murder. Appellant contends that there was evidence of reckless conduct, not conduct that was intentional or knowing.

In order to obtain a conviction for murder, HRS § 707-701 requires that the criminal act be done intentionally or knowingly. HRS § 702-206 (1) and (2) sets forth the standards of intentional or knowing conduct.[3]

The standard which guides the trial judge in evaluating a motion for judgment of acquittal is:

... whether, upon the evidence viewed in the light most favorable to the government, and giving full play to the right of the jury to determine credibility, weigh the evidence, and draw

---

[2] *See* State v. Kahlbaun, 64 Haw. 197, 638 P.2d 309 (1981); State v. Hehr, *supra;* State v. Pendergrass, 63 Haw. 633, 633 P.2d 1113 (1981); State v. Melear, 63 Haw. 488, 630 P.2d 619 (1981); State v. Rodrigues, *supra.*

[3] HRS § 702-206 states in pertinent part:

(1) "Intentionally."

(a) A person acts intentionally with respect to his conduct when it is his conscious object to engage in such conduct.

(b) A person acts intentionally with respect to attendant circumstances when he is aware of the existence of such circumstances or believes or hopes that they exist.

(c) A person acts intentionally with respect to a result of his conduct when it is his conscious object to cause such a result.

(2) "Knowingly."

(a) A person acts knowingly with respect to his conduct when he is aware that his conduct is of that nature.

(b) A person acts knowingly with respect to attendant circumstances when he is aware that such circumstances exist.

(c) A person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result.

therefrom justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt.

*State v. Brighter,* 62 Haw. 25, 31, 608 P.2d 855, 859 (1980).

The law recognizes the difficulty by which intent is proved in criminal cases. We have consistently held that since intent can rarely be proved by direct evidence, proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the act is sufficient to establish the requisite intent. *State v. Rushing,* 62 Haw. 102, 612 P.2d 103 (1980); *State v. Hernandez,* 61 Haw. 475, 605 P.2d 75 (1980); *State v. Yabusaki,* 58 Haw. 404, 570 P.2d 844 (1977). Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances. *State v. Yabusaki, supra* at 409, 570 P.2d at 847.

Considering that the victims were bound to the bed, gagged with cloth material and scotch tape covering their nose and mouth, and the subsequent burning of their bodies, and coupled with appellant's admission to others that Beckley owed him money and refused to pay, we are satisfied that the State marshalled sufficient facts to have enabled the jury to conclude beyond a reasonable doubt that appellant intentionally and knowingly committed the murders of David Wong and Albert Beckley. Thus, the trial court properly denied appellant's motion for judgment of acquittal.

Affirmed.

*Keith M. Kiuchi,* Deputy Public Defender, on the brief.

*Robert S. Rodrigues,* Deputy Prosecuting Attorney, County of Hawaii, on the brief.