STATE OF HAWAI`I, Plaintiff-Appellee,
v.
JAUMAELYNNE E. GAY, Defendant-Appellant.
No. 28296.
Intermediate Court of Appeals of Hawaii.
February 23, 2009.
Peter S.R. Olson, Deputy Public Defender, for Defendant-Appellant.
Frederick D. Giannini, Deputy Prosecuting Attorney, County of Hawaii, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE and NAKAMURA, JJ.
Defendant-Appellant Jaumaelynne E. Gay appeals from the judgment entered in the District Court of the Third Circuit (district court) on October 2, 2006.[1]
Gay was charged with Criminal Trespass in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 708-813(1) (a) (i) (Supp. 2008), and Criminal Property Damage in the Fourth Degree, in violation of HRS § 708-823(1) (1993). The charges stemmed from an incident on February 24, 2006, when Corina Christian, caretaker of a residence owned by Carol and Mike Meyer, discovered the lock on a glass and teak door of the residence broken and Gay sleeping in one of the bedrooms. After a bench trial, the district court convicted Gay of both charges.[2]
Gay raises the following points of error on appeal:
(1) "The trial court erred in convicting Gay of the offenses of Criminal Trespass in the First Degree and Criminal Property Damage in the Fourth Degree where insufficient evidence was adduced at trial to establish that Gay did not have permission to enter the house and damage the door."
(2) "Even if this court concludes that Gay did not have permission to enter the house, the record shows there was insufficient evidence to establish that Gay acted with the requisite state of mind of knowingly entering the house unlawfully or damaging the door intentionally or knowingly."
(3) "The trial court erred in convicting Gay of the offenses of Criminal Trespass in the First Degree and Criminal Property Damage in the Fourth Degree where the trial court misapplied the law regarding intoxication, HRS § 702-230 (2), and failed to appreciate the relevance of evidence of Gay's nonself-induced intoxication which negated the requisite state of mind required for conviction."
Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Gay's points of error as follows:
(1) Viewing the evidence in the strongest light for the State of Hawai`i, State v. Matavale, 115 Hawai`i 149, 157-58, 166 P.3d 322, 330-31 (2007), substantial evidence existed that Gay did not have permission to enter the house and did not have consent to damage the door. Christian testified that she was the caretaker of the residence and had worked for the Meyers for six years. Her duties included being at the house Monday-Friday, typically between 8 a.m. and 4 p.m., to make sure that "everything's in order[.]" The Meyers only used the house while on vacation and were not staying there at the time of the incident, and no one else lived there or had permission to sleep there. Christian testified that besides herself and the Meyers, no one else had keys to the property, and that when Christian left the property the day prior to discovering Gay sleeping inside, she locked and secured all of the doors and windows including the glass and teak door. Christian testified that when she went into the house on the morning that she discovered Gay, the lock on the door had been broken off and was on the floor, and the door appeared to have been shoved open from the outside. Christian did not give Gay permission to enter the residence or to cause damage to the door.
Gay testified that when she was awakened in the residence, she did not know whose house she was in or how she had gotten inside, and did not know the Meyers or Christian. Gay acknowledged that she had been drinking the prior evening.
Finally, a police officer testified that Gay's fingerprint was recovered from the glass area of the door.
The foregoing constituted substantial circumstantial evidence that Gay lacked permission to enter the residence. HRS § 708-813 (1) (a) (i); HRS § 708-800 (Supp. 2005); State v. Chin, 112 Hawai`i 142, 143, 146-47, 144 P.3d 590, 591, 594-95 (App. 2006) (citing State v. Okumura, 78 Hawai`i 383, 402, 403-04 894 P.2d 80, 99, 100-01 (1995)). It was also sufficient to establish that Gay damaged "property which any person, other than the defendant, has possession of or any other interest in," and did so "without the other's consent." HRS § 708-823; HRS § 708-800.
(2) The foregoing evidence was also sufficient to establish that Gay acted knowingly with respect to the criminal trespass offense and intentionally as to the criminal property damage offense. HRS § 708-813 (1) (a) (i); HRS § 708-823; State v. Hopkins, 60 Haw. 540, 544, 592 P.2d 810, 812 (1979) (quoting State v. Yabusaki, 58 Haw. 404, 409, 570 P.2d 844, 847 (1977)) ("[i]t is an elementary principle of law that intent may be proved by circumstantial evidence; that the element of intent can rarely be shown by direct evidence; and it may be shown by a reasonable inference arising from the circumstances surrounding the act"); State v. Stocker, 90 Hawai`i 85, 92, 976 P.2d 399, 406 (1999) (quoting State v. Sadino, 64 Haw. 427, 430, 642 P.2d 534, 536-37 (1982) (citations omitted) ("the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances").
(3) We reject Gay's contention that the district court "erred in not recognizing Gay's nonself-induced intoxication." A trial judge is free to make all reasonable and rational inferences from the evidence. Matavale, 115 Hawai`i at 158, 166 P.3d at 331. The district court, which had the opportunity to hear the testimony and assess the credibility of the witnesses, chose to reject Gay's version of events. We will not second guess that decision when, as here, there is substantial evidence in the record to support it. State v. Aki, 102 Hawai`i 457, 464, 77 P.3d 948, 955 (App. 2003) ("credibility and weight of the evidence are matters that begin and end with the [fact-finder], and concern us not on appeal") (citation omitted); Hopkins, 60 Haw. at 542, 592 P.2d at 812 ("The fact finder may accept or reject any witness' testimony in whole or in part.") (citation omitted). Accordingly, the State disproved Gay's nonself-induced intoxication defense beyond a reasonable doubt. See, e.g., In re Doe, 107 Hawai`i 12, 19, 108 P.3d 966, 973 (2005).
Therefore, we affirm the judgment of the District Court of the Third Circuit entered on October 2, 2006, and the amended judgment entered on January 17, 2007.
NOTES
[1] Pursuant to a temporary remand from this court, an amended judgment was also entered in the district court on January 17, 2007.
[2] The Honorable Joseph P. Florendo, Jr., presided over the trial, and the Honorable Victor M. Cox presided over sentencing.