STATE OF HAWAI`I, Plaintiff-Appellee,
v.
BRANDY K. VON HAMM, Defendant-Appellant
No. 28429
Intermediate Court of Appeals of Hawaii.
June 22, 2009.
On the briefs:
Peter S.R. Olson, Deputy Public Defender, for Defendant-Appellant.
Daniel H. Shimizu, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Acting C.J., NAKAMURA and FUJISE, JJ.
Defendant-Appellant Brandy K. Von Hamm, also known as Bernadine Reyes (Von Hamm) appeals from the January 31, 2007 Judgment convicting her of Harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(a) (Supp. 2008)[1] entered by the District Court of the First Circuit, Ewa Division (district court).[2]
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Von Hamm's points of error as follows:
There was sufficient evidence to support Von Hamm's conviction for Harassment. Complaining witness Charles Stewart (Stewart), who was seventy-three years old, testified that, while he was not positive about the date of the incident, he did remember coming home in the early hours of April 6, 2006 to an angry Von Hamm, who threw an ashtray, broke his computer monitor, threw and broke his cell phone, pushed him, and punched him in the chest once. Stewart testified that: Von Hamm was living with him as a roommate or houseguest; he had told Von Hamm two hours before the incident that he was coming home "shortly" and that Von Hamm was angry with him because he did not come home right away; and Von Hamm shoved him hard enough to make him step back, and she hit him in the chest hard enough to cause pain which lingered for a few days.
Von Hamm first points to Stewart's testimony indicating Stewart was not certain about the date of the offense and argues that the evidence was insufficient to prove the offense took place on April 6, 2006.
On appeal, the test "is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." Id. (citations omitted). "'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a [person] of reasonable caution to support a conclusion." Id. (quoting State v. Lima, 64 Haw. 470, 475, 643 P.2d 536, 539 (1982)); accord [State v.] Gabrillo, 10 Haw. App. [488,] 459, 877 P.2d [891,] 896 (substantial evidence is "evidence which a reasonable mind might accept as adequate to support the conclusion of the factfinder") (citations and quotation marks omitted).
State v. Tanielu, 82 Hawai`i 373, 378, 922 P.2d 986, 991 (App. 1996).
The State charged Von Hamm with committing this offense "on or about April 6, 2006." The district court found "beyond a reasonable doubt that the events did occur and on the date of April 6, 2006," based on Stewart's testimony. While Stewart candidly admitted that he was not positive of the date, he stated that "[t]o the best of [his] memory" he believed the date was April 6. The district court found Stewart credible on this point and we will not second-guess the credibility determination of the trier of fact. State v. Mattiello, 90 Hawai`i 255, 259, 978 P.2d 693, 697 (1999).
In Von Hamm's other argument on appeal, she challenges the sufficiency of the evidence to prove that she struck and shoved Stewart "with intent to harass, annoy, or alarm." HRS § 711-1106(1). Von Hamm argues that there was no evidence of what she yelled at Stewart and no evidence that her "aggression continued" beyond the punch and/or that she intended to challenge Stewart to a fight.
"We have consistently held that . . . proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the [defendant's conduct] is sufficient. . . . Thus, the mind of an alleged offender may be read from his [or her] acts, conduct and inferences fairly drawn from all the circumstances." State v. Sadino, 64 Haw. 427, 430, 642 P.2d 534, 536-37 (1982) (citations omitted). Stewart testified that Von Hamm was angry and yelled at Stewart, threw and broke his property and shoved and struck him. Under these circumstances, there was substantial evidence that Von Hamm made physical contact with Stewart with the intent to harass, annoy, or alarm Stewart. See State v. Stocker, 90 Hawai`i 85, 91, 976 P.2d 399, 405 (1999) (a slap across the face after defendant became angry and yelled at complainant was substantial evidence defendant intended to annoy or alarm the complainant).
Therefore,
IT IS HEREBY ORDERED that the January 31, 2007 Judgment of the District Court of the First Circuit, Ewa Division is affirmed.
NOTES
[1] HRS § 711-1106(1)(a) provided on the date of the offense,

Harassment. (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:
(a) Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]
[2] The Honorable Paula Devens presided.