STATE OF HAWAII, Plaintiff-Appellee,
v.
LAWRENCE CORDER, Defendant-Appellant.
No. 29485.
Intermediate Court of Appeals of Hawaii.
November 9, 2009.
On the briefs:
Thomas M. Otake, for Defendant-Appellant.
Stephen K. Tsushima, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
NAKAMURA, C.J., WATANABE, and FUJISE, JJ.
Defendant-Appellant Lawrence Corder (Corder) appeals from the judgment entered by the Family Court of the First Circuit[1] (family court) on November 21, 2008, convicting and sentencing him for one count of Violation of an Order for Protection in violation of Hawaii Revised Statutes § 586-11 (2006). On appeal, Corder argues that there was insufficient evidence to support his conviction. We disagree.
In reviewing insufficiency-of-the-evidence claims on appeal, we are required to consider the evidence adduced at trial "in the strongest light for the prosecution ...; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." State v. Richie, 88 Hawai`i 19, 33, 960 P.2d 1227, 1241 (1998) (quoting State v. Quitog, 85 Hawai`i 128, 145, 938 P.2d 559, 576 (1997)). "`Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. (internal quotation marks omitted). Moreover, the trier of fact is permitted to "draw all reasonable and legitimate inferences and deductions from the evidence adduced," State v. Batson, 73 Haw. 236, 245-46, 831 P.2d 924, 930 (1992), including circumstantial evidence. Id. at 249, 831 P.2d at 931.
The evidence presented at trial showed that on August 2, 2006, the family court, the Honorable Nancy Ryan presiding, issued an Order of Protection (Order) that prohibited Corder from contacting his ex-wife, Allison Corder (Allison). The Order also prohibited Corder "from telephoning, writing, or otherwise electronically communicating (by recorded message, pager, etc.), with [Allison,] except as allowed by this order." It is undisputed that Corder was present at the hearing that resulted in the Order, the terms of the Order were read to him, and a written copy of the Order was served on him.
Allison testified that on December 29, 2007, she was staying at the home of her boyfriend, Dwight Oga (Dwight), where she stayed on weekends. That afternoon, she went to get the mail and inside the mailbox was a holiday card addressed to "D and A Oga" which had Corder's name printed on the return-address portion of the envelope. Allison testified to what was inside the card as follows:
It says, to you and yours, may peace be with you both for the New Year. Until we meet again, my thoughts are with you both. Hauoli Makahiki Ho, forever on my mind, very truly, L  I think it spelled out his name, Larry, though.
Allison also related that the following phrase was written on the bottom left corner of the card: "May a Haole Make a Hickey on Her Ho." Allison recognized the handwriting on the card and envelope as that of Corder. She also recognized the phrase as something Corder used to say to her.
Corder argues that since the card was sent to Dwight's residence, rather than Allison's, and since Allison's name did not appear anywhere on the card or envelope, Plaintiff-Appellee State of Hawai`i failed to prove beyond a reasonable doubt that he intentionally or knowingly violated the Order through direct contact with Allison. However, according to the evidence adduced at trial, Dwight had never met Corder and had no connection to Corder; no one with the first initial "A" lived with Dwight; and Allison was involved in a relationship with Dwight and frequently stayed at his home. The card was addressed and expressed sentiments to two people ("my thoughts are with you both"). In addition, the card used a phrase that was familiar to Allison as one used by Corder.
Our courts have recognized that, although "a defendant's state of mind can rarely be proved by direct evidence," [State v. Pudiquet, 82 Hawai'i 419, 425, 922 P.2d 1032, 1038 (App. 1996)], "proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient. . . . Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." [State v. Bui, 104 Hawai'i 462, 467, 92 P.3d 471, 476 (2004)] (ellipses points in original) (quoting State v. Batson, 73 Haw. 236, 254, 831 P.2d 924, 934 (1992) (quoting State v. Sadino, 64 Haw. 427, 430, 642 P.2d 534, 536-37 (1982)) (brackets omitted)); see also State v. Yabusaki, 58 Haw. 404, 409, 570 P.2d 844, 847 (1977) (explaining that intent may be proved by circumstantial evidence and it may be shown by a reasonable inference arising from the circumstances surrounding the act).
State v. Gomes, 117 Hawai`i 218, 227, 177 P.3d 928, 937 (2008). Based on the evidence adduced, it was reasonable for the jury to infer that the "A" noted on the card was intended to refer to Allison and that the card was intended to be received by Allison even though it was addressed to Dwight's residence.
There was substantial evidence to support Corder's conviction. Accordingly, the November 21, 2008 judgment convicting and sentencing Corder for Violation of an Order for Protection is affirmed.
NOTES
[1] The Honorable Patrick W. Border presided.