**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000265
12-MAY-2021
08:28 AM
Dkt. 52 SO**

NO. CAAP-20-0000265

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
MICHAEL MOREAU, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(CASE NO. 3FFC-19-0000102)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Michael Moreau (**Moreau**), appeals from the Judgment filed on February 26, 2020, by the Family Court of the Third Circuit (**family court**).[1]  On March 6, 2019, Moreau was charged with misdemeanor Abuse of Family or Household Member in violation of Hawaiʻi Revised Statutes (**HRS**) § 709-906(1).[2]  On

---

[1] The Honorable Margaret K. Masunaga presided.

[2] HRS § 709-906(1) (2014) provided:

> **§709-906 Abuse of family or household members; penalty.**  (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member or to refuse compliance with the lawful order of a police officer under subsection (4).  The police, in investigating any complaint of abuse of a family or household member, upon request, may transport the abused person to a hospital or safe shelter.
>
> For the purposes of this section, "family or household member" means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons in a dating relationship as defined under section 586-1, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit.

May 8, 2019, Moreau appeared in court and waived his right to a jury trial.  After a bench trial, the family court found Moreau guilty as charged.

On appeal, Moreau asserts the family court's verdict should be reversed because the evidence is insufficient to support his conviction.

Upon careful review of the record and applicable legal authority, and giving due consideration to the issues raised and arguments advanced by the parties, we resolve Moreau's assertion of error and affirm.

It is well established that:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury.  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.  Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.
>
>> "Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.  And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.

State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007) (citation and brackets omitted).  Furthermore, "[i]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact."  Onaka v. Onaka, 112 Hawai'i 374, 384, 146 P.3d 89, 99 (2006) (citing State v. Martinez, 101 Hawai'i 332, 340, 68 P.3d 606, 614 (2003) (alteration in original) (citations and internal quotation marks omitted)).

Moreau argues that there was insufficient evidence to convict him of the offense of Abuse of Family or Household Member

2

because the only evidence adduced at trial that Moreau intentionally, knowingly, or recklessly physically abused his wife, S.M., was limited to the testimony of Hawaiʻi County Police Department Officer Matthew Taira (**Officer Taira**), and that no other witness could support Officer Taira's claim that Moreau punched his wife in the face causing "injury, hurt or damage."

The requisite state of mind element for Abuse of Family or Household Member is intentionally, knowingly, or recklessly. State v. Arakawa, 101 Hawaiʻi 26, 36, 61 P.3d 537, 547 (App. 2002) (citing HRS § 702-204;[3] State v. Canady, 80 Hawaiʻi 469, 475, 911 P.2d 104, 110 (1996)).  "[T]o physically abuse someone is to maltreat in such a manner as to cause injury, hurt or damage to that person's body."  State v. Fields, 115 Hawaiʻi 503, 530, 168 P.3d 955, 982 (2007), as amended on denial of reconsideration (Oct. 10, 2007) (internal quotation marks and citations omitted).  "[S]ince intent can rarely be proved by direct evidence, proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the act is sufficient to establish the requisite intent."  State v. Kiese, 126 Hawaiʻi 494, 502, 273 P.3d 1180, 1188 (2012) (quoting State v. Sadino, 64 Haw. 427, 430, 642 P.2d 534, 536-37 (1982)).

We reject Moreau's contention that there was insufficient evidence to convict him.  In this case, Officer Taira's testimony differed from Moreau and S.M.'s testimony and the family court found Officer Taira to be a credible witness.

Officer Taira testified that he responded to a dispatch call based on a female who called 911 from a vehicle at the Wal-Mart parking lot in Kona.  Officer Taira testified that when he arrived he observed a woman seated in the driver's side of a

---

[3]  HRS § 702-204 (2014) provides:

> **§702-204  State of mind required.**  Except as provided in section 702-212, a person is not guilty of an offense unless the person acted intentionally, knowingly, recklessly, or negligently, as the law specifies, with respect to each element of the offense.  When the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly.

vehicle and a man standing outside of the vehicle; they were arguing.  From approximately fifteen feet away, Officer Taira observed from inside his vehicle the man punch the woman in the face with a closed fist through the open window of the vehicle.  Officer Taira got outside his vehicle and observed the man punch the woman a second time.  Officer Taira first detained and placed Moreau in handcuffs and then spoke to the woman, who was crying and "appeared to be emotional.  She was sad . . . appeared to be upset."  Officer Taira testified that there was a reddish discoloration, an abrasion, and blood on the left side of the woman's face, consistent with an injury from being punched.  The woman indicated to Officer Taira that she was in pain, but declined medical assistance and refused to complete a domestic violence statement form.  Officer Taira identified the man and the woman as Moreau and S.M., respectively.  Officer Taira further testified about photographs taken of the vehicle and the left side of S.M.'s face showing how she appeared at the scene on the date of the incident, which were admitted into evidence.

S.M. testified that she called 911 to report that her husband had grabbed and hurt her.  S.M. testified they "had been drinking excessively, and I basically wanted a third party there to calm both of us down."  They had been arguing and Moreau had grabbed S.M.'s neck because she "wouldn't shut up."  Moreau then "walked off, came back."  Moreau and S.M. both denied that Moreau punched S.M.  Moreau also testified that it would have been impossible for him to punch S.M. through the driver's side window based on the vehicle's design and the fact that S.M.'s seat was pushed back.  Furthermore, S.M. and Moreau testified the photographs of S.M.'s face showed ringworm and a rash due to her menstrual cycle, not from being punched by Moreau.  S.M. testified that she was not in pain and if she was, "it did not last for very long at all."  S.M. testified that she regretted calling 911 and she does not "want anything bad to happen to" Moreau.

Officer Taira was called as a rebuttal witness and testified that he did not see anything in the make of the vehicle that would have physically prevented Moreau from punching through the driver's side window.  Officer Taira testified to actually witnessing Moreau punch S.M..

We must view the foregoing evidence in the strongest light for the prosecution.  <u>Matavale</u>, 115 Hawaiʻi at 157, 166 P.3d at 330.  Doing so, and recognizing it is the province of the trial court to assess the credibility of the witnesses, <u>Onaka</u>, 112 Hawaiʻi at 384, 146 P.3d at 99, we conclude the State produced sufficient evidence to establish that Moreau caused "injury, hurt or damage" to S.M., a family member, with the requisite state of mind.  HRS §§ 709-906(1), 702-204; <u>Fields</u>, 115 Hawaiʻi at 530, 168 P.3d at 982.

Therefore, IT IS HEREBY ORDERED that the Judgment filed on February 26, 2020, by the Family Court of the Third Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, May 12, 2021.


On the briefs:                    /s/ Lisa M. Ginoza
                                  Chief Judge
Andrew I. Kim,
Deputy Public Defender,           /s/ Katherine G. Leonard
for Defendant-Appellant           Associate Judge

Kori A. Weinberger,               /s/ Keith K. Hiraoka
for Plaintiff-Appellee            Associate Judge