**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000341
27-JAN-2026
08:10 AM
Dkt. 47 SO**

NOS. CAAP-25-0000341 AND CAAP-25-0000342

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


**CAAP-25-0000341**
STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
JAYJAY J. PETER, Defendant-Appellant.
(CR. NO. 1CPC-23-0000743)


AND


**CAAP-25-0000342**
STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
JAYJAY PETER, Defendant-Appellant.
(CR. NO. 1CPC-23-0000826)


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, McCullen and Guidry, JJ.)

Defendant-Appellant JayJay J. **Peter** appeals from the
Circuit Court of the First Circuit's March 13, 2025 orders
revoking his probation and sentencing him to a five-year term
and ten-year term of imprisonment, to run concurrently with

credit for time served.[1]  On appeal, Peter challenges the revocation of his probation for failure to report to his probation officer at any point during the five months prior to his rearrest following release.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and affirm.

Pursuant to a global plea deal in two criminal cases, on August 1, 2024, Peter was convicted of Burglary in the Second Degree and Theft in the First Degree, and a charge of Unauthorized Control of a Propelled Vehicle in the First Degree was dismissed.  The parties also agreed to a sentence of a four-year term of probation for each offense, to run concurrently, with 364 days of jail.  The circuit court imposed the agreed-upon sentence.

As a condition of his probation, Peter was required to report to his probation officer upon release from confinement, either immediately or to schedule an appointment within 24 hours:

---

[1]  The Honorable Trish K. Morikawa presided.

> [U]pon your release from confinement, you are ordered to report immediately to:
>
> Adult Client Services
> 777 Punchbowl Street
> Honolulu, HI  96813
> (808) 539-4500
>
> or upon release from any term of confinement, you are ordered to schedule an appointment with your probation officer or an Adult Client Services Branch designee within 24 hours of release[.]

The next day, August 2, Peter was released from custody.  Six weeks later, Probation Officer Danielle Boter declared that Peter failed to report to or contact probation within 24 hours of his release and his whereabouts were still unknown.  The State moved to revoke Peter's probation, a bench warrant issued, and Peter was arrested on January 17, 2025, more than five months after his release from confinement.

During the hearing on the motion to revoke, Peter admitted he did not report to his probation officer within 24 hours after his release or anytime thereafter.  Peter stated that, after his release from custody, he went to Waiʻanae and was drinking with family, he was confused and forgot, he did not have a phone, he did not have his paperwork with him, and he did not know where the probation office was located.  And when asked, "Did you ever go to the probation office after August 2, 2024?" Peter responded, "No, I didn't."

The circuit court found that Peter "inexcusably failed to comply with a substantial requirement of the Judgment setting

forth the terms and conditions of probation" and, thus, revoked his probation.  Peter timely appealed from each order, which we consolidated.

On appeal, Peter admits he did not report to his probation officer but contends the circuit court "erred in revoking [his] probation because there was insufficient evidence to support the Circuit Court's conclusion that [he] willfully and inexcusably failed to comply with the conditions of probation."

Hawaiʻi Revised Statutes (**HRS**) § 706-624(1)(b) (2014) provides as a mandatory condition of probation "[t]hat the defendant report to a probation officer as directed by the court or the probation officer[.]"  HRS § 706-625(3) (Supp. 2024) provides that the circuit court "shall revoke probation if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order."

In determining "inexcusability," we must look at whether Peter's actions were intentional, and if so, were his actions "a deliberate attempt to circumvent the court's probation order."  State v. Villiarimo, 132 Hawaiʻi 209, 222, 320 P.3d 874, 887 (2014).  "[T]he mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances."  State v. Stocker, 90 Hawaiʻi 85, 92, 976

4

P.2d 399, 406 (1999) (quoting State v. Sadino, 64 Haw. 427, 430, 642 P.2d 534, 537 (1982)).

We review the circuit court's decision that Peter's failure to comply was inexcusable under the right/wrong standard. See State v. Lazar, 82 Hawaiʻi 441, 443, 922 P.2d 1054, 1056 (App. 1996).

Here, the circuit court's probation order required Peter to report to his probation officer, at the latest, by scheduling an appointment within 24 hours from being released from confinement. The probation order provided the address and phone number for the probation office.

Peter, however, did not report to his probation officer within the first 24 hours after being released from confinement. And Peter admitted to not reporting to the probation office at all after his release from confinement. Peter was arrested over five months after being released.

Additionally, Peter acknowledges that this conduct differed from his conduct while on probation in 2005 and 2008, when he did meet with his district court probation officer.

A reasonable inference from these circumstances is that Peter failed to report to his probation officer as ordered by the circuit court and for over five months thereafter. Failing to report at all to his probation officer for over five months evinces a deliberate attempt to evade complying with the

5

circuit court's probation order.  See <u>Villiarimo</u>, 132 Hawaiʻi at 222, 320 P.3d at 887.

Thus, the circuit court did not err in concluding Peter's failure to report to the probation office was inexcusable.

Based on the foregoing, we affirm the circuit court's March 13, 2025 "Order of Resentencing and Revocation of Probation" in 1CPC-23-0000743 and 1CPC-23-0000826.

DATED:  Honolulu, Hawaiʻi, January 27, 2026.

On the briefs:

Emmanuel G. Guerrero,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge