**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000766
20-MAR-2026
08:04 AM
Dkt. 114 SO**

NO. CAAP-24-0000766


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
ALFRED OSCAR PASLEY, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-22-0000681)


SUMMARY DISPOSITION ORDER
(By:  Nakasone, Chief Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Alfred Oscar **Pasley** appeals from the Circuit Court of the Second Circuit's September 13, 2024 Judgment of Conviction and Sentence.[1]  We affirm.

In 2022, a grand jury indicted Pasley on six counts:

**Count 1**   Kidnapping, in violation of Hawaiʻi Revised Statutes (**HRS**) § 707-720(1)(d) (2014), as to Complaining Witness 1 (**CW 1**).

**Count 2**   Attempted Sexual Assault in the First Degree, in violation of HRS §§ 707-730(1)(a) (Supp. 2021) and 705-500 (2014), as to CW 1.

---

[1]   The Honorable Kelsey T. Kawano presided.

**Count 3**    Attempted Murder in the Second Degree, in violation of HRS §§ 707-701.5 (Supp. 2018) and 705-500(2), subject to HRS § 706-656 (2014), as to CW 1.

**Count 4**    Assault in the Second Degree, in violation of HRS § 707-711(1)(d) (Supp. 2021), as to CW 1.

**Count 5**    Terroristic Threatening in the First Degree, in violation of HRS § 707-716(1)(e) (2014), as to CW 1.

**Count 6**    Sexual Assault in the Fourth Degree, in violation of HRS § 707-733(1)(a) (Supp. 2016), as to Complaining Witness 2 (**CW 2**).

According to the testimony adduced at trial, on August 15, 2021, CW 2 was walking on Front Street in Lahaina after having breakfast with a friend. While walking back to her car, she passed Pasley. As CW 2 passed Pasley, "he took his hand and he went up [her] shorts and crossed over into the inner thigh of [her] leg." She "karate-chopped his hand away," and Pasley kept walking "like nothing happened."

That same day, CW 1 was visiting Maui and had plans to go parasailing in Lahaina Harbor. Before parasailing, she went to use the women's bathroom, and noticed Pasley near the banyan tree watching her. When she came out of the bathroom stall, Pasley was standing in the women's restroom wearing a hat, sunglasses, mask, and holding a knife. Pasley's pants and underwear were around his ankles and his genitals were exposed.

Pasley came at CW 1 with the knife, and tried to cover her mouth, saying "yes, bitch" and "shut up, bitch." CW 1 kept

2

trying to push his hand away because the knife was getting closer to her neck.  Eventually, CW 1's brother and boyfriend came into the bathroom after hearing her scream.  CW 1 suffered a cut to her hand from the knife and bruising on her knees.

The jury convicted Pasley on all counts, except Count 3 (Attempted Murder) for which Pasley was acquitted.  Counts 4 (Assault in the Second Degree) and 5 (Terroristic Threatening in the First Degree) merged.  Pasley appealed.

On appeal, Pasley (1) raises issues related to his Count 6 (Sexual Assault in the Fourth Degree) conviction, (2) challenges the sufficiency of the evidence as to Counts 1 (Kidnapping) and 2 (Attempted Sexual Assault), and (3) contends trial counsel was ineffective.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below, and affirm.

**(1)**  Pasley raises two issues related to Count 6 (Sexual Assault in the Fourth Degree as to CW 2).  Pasley contends (a) the circuit court erred by admitting evidence related to Count 6 as evidence establishing Count 6 was excluded by Hawaiʻi Rules of Evidence (**HRE**) Rule 404(b) and the law of the case; and (b) the circuit court erred by failing to sua sponte sever Count 6.

**(a)**    Pasley first argues that the circuit court erred by admitting evidence related to Count 6 because any evidence related to Count 6 was excluded by the circuit court under HRE Rule 404(b) and the law of the case.  According to Pasley, the circuit court excluded any evidence establishing Count 6 from being presented under HRE Rule 404(b).

Pasley, however, mischaracterizes the record.

HRE Rule 404(b) prohibits other crimes or acts from being admitted "to prove the character of a person in order to show action in conformity therewith."

In its motion to present HRE Rule 404(b) evidence, the state offered as proof the Count 6 facts and facts from an incident in 2010:

> 1.    That Count Six of the Indictment alleges that on August 15, 2021, [CW 2] was walking on the sidewalk on Front Street in Lahaina.  Defendant, who she did not know, was also walking on the sidewalk.  Defendant reached his hand up her inner thigh from behind and touched her near her genital then continued to [sic] as if nothing happened.
>
> 2.    That on December 4, 2010, J.T. was walking on the sidewalk in Chinatown in Honolulu.  Defendant, who she did not know, was also walking on the sidewalk.  Defendant reached his hand by her inner thigh from behind and touched her near her genitals, he then continued on as if nothing happened.  The Defendant has been provided in discovery the [Honolulu Police Department] police report, 10-433101, that documents this incident.[2]

Fairly read, the State attempted to show that the facts in Count 6 were similar to the facts in the 2010 Incident arguing, "In this case there [are] striking similarities between

---

[2]    The incident that occurred on December 4, 2010 is referred to as the **2010 Incident.**

the two instances.  The encounters were so brief the State believes that it is important to show two (2) almost identical encounters cannot be shrugged off and [sic] a mistake or accident."

The circuit court denied the State's motion, explaining that although the evidence from the 2010 Incident is relevant to Count 6, the probative value is substantially outweighed by the danger of unfair prejudice.  In other words, the circuit court excluded evidence from the 2010 Incident; the circuit court did not bar the State from introducing evidence to establish the elements of Count 6.

Thus, Pasley's argument that the circuit court excluded any evidence related to Count 6 under HRE Rule 404(b) is wholly without merit.

**(b)**  Pasley also contends that the circuit court erred by failing to sua sponte sever Count 6.  According to Pasley, the prejudice to him was high because the State needed Count 6 to show "sexual intent" as to Counts 1 and 2.

Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 14 provides,

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in a charge or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

Based on the evidence presented at trial, Pasley attacked CW 1 in the women's bathroom with a knife while his penis was exposed. The State did not need the facts of Count 6 to show "sexual intent" as Pasley argues.

The circuit court did not err by not sua sponte severing Count 6.

**(2)** Next, Pasley challenges the sufficiency of the evidence for Counts 1 (Kidnapping) and 2 (Attempted Sexual Assault in the First Degree). Pasley confines his sufficiency argument to the evidence of his "pants around his ankles," arguing it "is hardly sufficient evidence to enable a person of reasonable caution to support a conclusion that the attack was intended to 'subject the [attacked] to a sexual offense' or 'to subject [the complaining witness] to an act of sexual penetration by strong compulsion.'" (Brackets in original) (first quoting HRS § 707-720(1)(d), then quoting HRS § 707-730(1)(a)).

This court reviews sufficiency of the evidence claims as follows:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Yuen, 154 Hawaiʻi 434, 444, 555 P.3d 121, 131 (2024) (quoting State v. Richie, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241

(1998)).  "'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion."  Id. (quoting Richie, 88 Hawaiʻi at 33, 960 P.2d at 1241).

> We have consistently held that since intent can rarely be proved by direct evidence, proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the act is sufficient to establish the requisite intent.  Thus, the mind of an alleged offender may be read from his acts, conduct, and inferences fairly drawn from all the circumstances.

State v. Kiese, 126 Hawaiʻi 494, 502-03, 273 P.3d 1180, 1188-89 (2012) (quoting State v. Sadino, 64 Haw. 427, 430, 642 P.2d 534, 536-37 (1982)).

As to Count 1 (Kidnapping), the State had to prove that Pasley "intentionally or knowingly restrain[ed] another person with intent to:  . . . Inflict bodily injury upon that person or subject that person to a sexual offense."  HRS § 707-720(1)(d) (emphases added).

According to CW 1's testimony, Pasley blocked her in bathroom stall and came at her with a knife, and she suffered bodily injury, including bruises to her knees.  In viewing this testimony in the light most favorable to the prosecution, this testimony was sufficient to support intent to inflict bodily injury.  As the statute is written in the disjunctive, intent to "subject that person to a sexual offense" need not be addressed.  See, e.g., State v. Rogan, 156 Hawaiʻi 233, 239, 573 P.3d 616,

622 (2025) ("The import of the word 'or' is clear. It is a disjunctive that signals an alternative.").

As to Count 2 (Attempted Sexual Assault in the First Degree), the State had to prove that (1) Pasley "intentionally engaged in conduct;" (2) "under the circumstances as [Pasley] believed them to be, the conduct constituted a substantial step in a course of conduct;" and (3) Pasley "intended that course of conduct to culminate in sexual penetration with" CW 1. State v. Bailey, 126 Hawai'i 383, 404-05, 271 P.3d 1142, 1163-64 (2012); see HRS §§ 705-500(1)(b) and 707-730(1)(b).

CW 1's testimony shows that Pasley attacked her in a women's bathroom, wearing a mask, hat, and sunglasses with his pants and underwear around his ankles, yelling things like "yes, bitch" and "shut up, bitch," while trying to cover her mouth. CW 1's boyfriend testified that Pasley's genitalia were exposed.

When viewing this evidence in the light most favorable to the State, the testimony adduced at trial was sufficient to show Pasley intended his course of conduct "to culminate in sexual penetration" of CW 1.

**(3)** Finally, Pasley contends trial counsel was ineffective for (a) not objecting to, or moving for a mistrial based on, the admission of the Count 6 evidence; (b) not moving to sever Count 6; and (c) not moving for judgment of acquittal.

For ineffective assistance of counsel claims, the defendant must establish "1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." Yuen, 154 Hawaiʻi at 444, 555 P.3d at 131 (quoting State v. Wakisaka, 102 Hawaiʻi 504, 513-14, 78 P.3d 317, 326-27 (2003)).

**(a)** Pasley argues that trial counsel was ineffective for not objecting to, or moving for a mistrial based on, the admission of the Count 6 evidence.

To the extent the evidence establishing the elements of Count 6 was not excluded under HRE Rule 404(b) as discussed above, counsel was not ineffective for not objecting to, or not moving for a mistrial based on, admissible evidence. See Richie, 88 Hawaiʻi at 40, 960 P.2d at 1248 ("Failing to object to admissible evidence cannot be considered error or omission.").

**(b)** Pasley argues that trial counsel was ineffective for not moving to sever Count 6. Pasley again argues that the joinder of Count 6 impacted the evidence as to Counts 1 and 2.

As discussed above, Pasley did not show that his lack-of-sexual-intent defense was potentially meritorious or that it was substantially impaired by the lack of severance. See Yuen, 154 Hawaiʻi at 444, 555 P.3d at 131. As to Count 1, the lack-of-

sexual-intent defense was not meritorious because that count involved "bodily injury" (i.e., bruising of CW 1's knees) and did not rely exclusively on sexual intent. And on Count 2, the lack-of-sexual-intent defense was not meritorious where CW 1 testified, inter alia, that Pasley approached her with his pants down while she was alone in the women's bathroom, and that she believed Pasley's exposed penis was erect.

Thus, to the extent Pasley relies on a lack-of-sexual-intent defense, Pasley fails to show a "withdrawal or substantial impairment of a potentially meritorious defense." See Yuen, 154 Hawaiʻi at 444, 555 P.3d at 131 (citation omitted).

**(c)** Pasley argues that defense counsel was ineffective for not moving for a judgment of acquittal.

"[T]he failure to file a motion for judgment of acquittal within the time allowed has not precluded a court from reviewing the case on appeal to avoid manifest injustice." State v. Chen, 77 Hawaiʻi 329, 333, 884 P.2d 392, 396 (App. 1994). "Also, while acknowledging a defendant's failure to file or renew a motion for judgment of acquittal, courts have examined the sufficiency of the evidence although ultimately affirming the convictions." Id.

Pasley's sufficiency of the evidence argument was addressed above. Because there was sufficient evidence to support Pasley's convictions, there was no "withdrawal or

10

substantial impairment of a potentially meritorious defense."

See Yuen, 154 Hawaiʻi at 444, 555 P.3d at 131 (citation omitted).

Based on the foregoing, we affirm the circuit court's September 13, 2024 Judgment of Conviction and Sentence.

DATED:  Honolulu, Hawaiʻi, March 20, 2026.

On the briefs:                        /s/ Karen T. Nakasone
                                      Chief Judge
Kai Lawrence,
for Defendant-Appellant.              /s/ Clyde J. Wadsworth
                                      Associate Judge
Gerald K. Enriques,
Deputy Prosecuting Attorney,          /s/ Sonja M.P. McCullen
County of Maui,                       Associate Judge
for Plaintiff-Appellee.